# Bufford *v.* Little.

### *Trespass for Cutting Timber.*

(Decided Jan. 18, 1909. Rehearing denied Feb. 16, 1909. 48 South. 697.)

1. *Trial; Reception of Evidence; General Objection.*—Unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence, an objection thereto that it is illegal, irrelevant and incompetent, is a general objection and cannot be sustained.

2. *Same; Best and Secondary Evidence.*—Secondary evidence otherwise admissible except for the fact that primary evidence was accessible, is not open to the objection that the question calling for was incompetent, illegal and immaterial.

3. *Appeal and Error; Objections in Lower Court.*—The overruling of specific objections to evidence which does not cover the defect in the evidence is not grounds for a reversal.

4. *Evidence; Opinion Evidence; Estimates.*—Where a witness had looked over the ground from which timber had been sawed, such witness was competent to give his best judgment as to the number of trees cut, although he did not count the stumps.

5. *Same; Non Expert; Subject of Testimony.*—A non-expert witness may testify whether the stumps left on the land were old or showed that the trees had been recently cut.

6. *Witnesses; Competency; Knowledge.*—A witness having testified that he was working for defendant, and hauling logs under his direction, may testify that he hauled the logs from the land in question in the direction of the defendant's mill, the action being for trespass for cutting timber.

7. *Trespass; Cutting Timber; Consent.*—Where the jury was authorized to draw from plaintiff's acts and other evidence an infer-

[Bufford v. Little.]

ence that plaintiff did not consent to the cutting of the timber, the absence of positive testimony that he did not consent will not bar plaintiff from recovering in an action of trespass for cutting timber.

6. *Same; Instructions.*—Charges asserting that there was no evidence that the defendant took from plaintiff's land 300 pine trees already cut, as averred, or that defendant cut or sawed 300 pine trees from plaintiff's land, were misleading, in that, under them, the jury might be led to believe that the plaintiff should not recover unless he proved the cutting or hauling of 300 pine trees, when in fact, plaintiff was entitled to recover as a matter of law, for any less number proven.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Action by C. E. Little against M. H. Bufford for damages for cutting trees from land. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count is for cutting or sawing 300 pine trees growing upon the land of plaintiff, which is described as the E. ½ of N. W. ¼ of section 21. The second count is for carrying away 300 pine trees, which had been cut down and were on the said land. The defense was the general issue. The witness testified that he did not count the trees, and that he did not know how many had been sawed, but that he had looked over the ground where the timber had been sawed on the land in suit, and in his best judgment there were 300 trees sawed. He was then asked by counsel if in his best judgment there could have been less than 250 trees cut or sawed. Objection was interposed and overruled to this question. The plaintiff testified that he wrote the defendant a letter, addressed it to him, put a two-cent stamp on it, and put it in the post office. Plaintiff's counsel then, after asking the defendant and his counsel to produce the letter and the letter being produced, asked the witness if he knew the substantial contents of the letter and what they were. Objection was interposed and overruled to this question, and witness answered that he knew the substantial contents of the letter, and that

he wrote the defendant that he had depredated on his land and had cut his timber, and that he should have known better, and that he would expect him to pay for it, or he would prosecute him to the full extent of the law. Motion was made to exclude the answer, which was overruled. The objection to the question calling for the contents of the letter was that it was incompetent, illegal, irrelevant, and immaterial, and the motion to exclude the answer as to the contents of the letter was based upon the same grounds.

The following charges were refused to the defendant: "(1) Plaintiff must prove with certainty the averments of the complaint. There is no evidence before you that the defendant took away from the land of the plaintiff 300 pine trees already cut down, as averred in the complaint." (2) Same as 1, except that there is no evidence that defendant cut or sawed 300 pine trees. (3) General affirmative charge to find for the defendant. (4) General affirmative charge to find for the defendant on the second count of the complaint. "(5) The plaintiff has averred that the defendant willfully and knowingly cut or sawed down 300 trees. The evidence before you does not show that this averment is true." "(7) I charge you that, if you believe the evidence in this case, the plaintiff has not the legal title to the land on which the timber is alleged to have been cut. (8) I charge you that you must believe from the evidence that the defendant knowingly and willfully, and without the consent of the owner, cut or sawed 300 pine trees on the lands described in the complaint before you can find a verdict for the plaintiff."

H. P. MERRITT, for appellant. This action is brought under section 4137, Code 1896. The statute is highly penal and must be strictly construed.—107 Ala. 640.

The plaintiff must bring himself within the letter of the statute.—59 Ala. 510. The court erred in declining to exclude the statements of the witness Plant that he saw one Law hauling logs off this 80 acres of land, and that he was hauling them in the direction of defendant's sawmill.—*Williams v. Hendricks,* 115 Ala. 277. The statute does not permit a recovery for damages done more than twelve months before the filing of the suit. The court erred in refusing charge 1.—*Williams v. Hendricks, supra.* The court erred in refusing charge 2.— 105 Ala. 549; 143 Ala. 228. Counsel discuss other assignments of error, but without citation of authority.

O. S. LEWIS, for appellee. Quantity, like time and value, may be testified to by a witness as to his best judgment.—*Bass v. Glasscock,* 82 Ala. 452; *Ry. Co. v Watson,* 90 Ala. 41; *R. R. Co. v. Hill,* 93 Ala. 514; *Linehan v. The State,* 116 Ala. 479; *R. R. v. Riley,* 119 Ala. 260. The letter was produced and was competent evidence.—*Foxworth v. Brown Brothers,* 120 Ala. 67; *Galloway v. Glass,* 139 Ala. 512.

ANDERSON, J.—The letter, written by the plaintiff to the defendant, had been produced and was the best evidence; but the point was not taken by an objection to the proof of its contents. The objection was general, or, if specific, did not specify the ground covering the objectionable feature of the evidence introduced. A general objection, "because the same was illegal, irrelevant, and incompetent," cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence.—*Sanders v. Knox,* 57 Ala. 83. Nor will the trial court be put in error for overruling a specific objection which does not cover the defect in the

evidence offered.—1 Wigmore on Evidence, § 18. The contents of the letter from plaintiff to defendant, and his reply thereto, which was introduced in evidence, was legal, relevant, and competent, and was inadmissible for the sole reason that parol proof of its contents was secondary and the best evidence was accessible to the plaintiff.

There was no error in permitting the witnesses to give their best judgment as to the number of trees sawed down. It is true they did not count the stumps, but "looked over the ground where the timber had been sawed on the land."—*Bass Furnace Co. v. Glasscock*, 82 Ala. 452, 2 South. 315, 60 Am. Rep. 748; *Railroad v. Riley,* 119 Ala. 260, 24 South. 858; *Railroad v. Hill*, 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; *Linnehan v. State,* 116 Ala. 479, 22 South. 662. Nor do we think it required an expert to tell whether or not the stumps were old or showed that the trees had been recently cut or sawed.

The evidence that Shirley Law hauled logs from the land in the direction of defendant's mill was made relevant by the subsequent evidence of Law, who testified that he was working for the defendant and hauling logs under his direction.

The trial court did not err in refusing charges 1 and 2 requested by the defendant. If not otherwise bad, they were misleading, as the jury might conclude therefrom that plaintiff could not recover unless he proved the cutting or hauling of 300 pine trees, when as matter of law he would be entitled to recover for any less number proven, and there was evidence from which the jury could infer that defendant had some of the logs sawed and hauled away.

The trial court did not err in refusing the other charges requested by the defendant. There was evidence from which the jury might infer that the plaintiff was

the owner of the trees, especially as against a mere trespasser, and that the trees were sawed down and hauled away by the defendant's agents or servants, with his knowledge, and within a year prior to the commencement of the suit. It is true there was no direct proof that the plaintiff did not consent; but the acts of the plaintiff and other evidence before the jury could create an inference that the plaintiff did not consent.

The trial court did not err in refusing the motion for a new trial; and, as no reversible error was committed, the judgment of the circut court is accordingly affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.