[Grubbs v. The State.]

# Grubbs *v.* The State.

## *Murder.*

(Decided June 19, 1912.   Rehearing denied·July 11, 1912.
59 South. 350.)

1. *Homicide; Murder; Nature and Elements.*—In the absence of evidence showing justification or mitigation, a person who intentionally shoots another with a gun causing his death, is guilty of murder.

2. *Same; Malice; Use of Deadly Weapon.*—Unless the evidence proving the killing rebuts the presumption, a person who killed another with a weapon of such a character as to naturally, reasonably, and probably cause death, will be presumed, from the use of such weapon to have entertained malice.

3. *Same; Manslaughter; Instructions; Necessity.*—Where the evidence for the prosecution tended to show that the defendant shot the deceased while the deceased was engaged in a difficulty with another person, neither using weapons of any kind, and that there was ill will existing between deceased and accused, and there was no evidence that the deceased had made any demonstrations against the defendant, or that defendant thought that deceased had a weapon, or that there was any relationship or friendship between the defendant and the third person, which would justify the inference that accused was acting in the defense of such third person, and defendant did not attempt to prove justification or mitigation, but denied the act of shooting, it was proper to refuse a charge as to manslaughter.

4. *Same.*—Where, under the evidence, manslaughter is not involved the court is not bound to charge on that offense.

5. *Same; Evidence.*—Although the defendant denied that he shot at deceased and claimed that he fired in the air, it was competent to show that a short time before the killing, defendant shot in the direction of deceased, and, in the best judgment of the witness, shot at the deceased as shedding light upon the feeling existing between the parties, and as explaining defendant's subsequent conduct.

6. *Same.*—Where a physician testified that the death of the deceased was caused by a gun shot wound, and that bruises on the body, alleged to have been inflicted in a fight with a third person, were not serious, it was not competent for the defendant to go into the details of the difficulty between the deceased and such third person, with reference to such bruises.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

4 CA

Burrell Grubbs was convicted of murder in the second degree, and he appeals. Affirmed.

The facts sufficiently appear in the opinion. The bill of exception shows that the defendant was arraigned on Saturday, and his trial set for Friday of the following week; that on Sunday following the arraignment the sheriff served the defendant with a copy of the indictment and venire; and that no other service was made. When the case was called for trial, the defendant objected to going to trial, because of the service on Sunday, which was no service. Motion was also made to quash venire, because the order of the court did not include in the special venire of this cause the regular jurors summoned and impaneled for the second week.

W. O. MULKEY, for appellant. The court erred in refusing to charge on manslaughter.—*Fowler v. The State*, 161 Ala. 1; s. c. 155 Ala. 21. Under the facts in this case, the same degree of guilt must be applied to Grubbs that would be applied to Crutchfield if Crutchfield had done the shooting.—21 Cyc. 26; 91 Ala. 64; 94 Ala. 35; 106 Ala. 1; 128 Ala. 27; 129 Ala. 23; 138 Ala. 3. Under the evidence in this case, the question of the degree of the defendant's guilt, whether of murder or manslaughter, was one for the jury, and should have been submitted to the jury.—*Hornsby v. The State*, 94 Ala. 55; *Brown v. The State*, 109 Ala. 70; *Dennis v. The State*, 112 Ala. 64.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence objected to was competent and relevant, and the court committed no error relative to it. Under the evidence in this case, the jury had but one alternative, either to acquit or find defendant guilty of murder, and

hence, there was no occasion to charge on any lesser offense.—*Fowler v. The State,* 161 Ala. 1.

PELHAM, J.—The principal contention made and insisted upon by appellant's counsel in brief as constituting error is the refusal of the trial court to include in its charge to the jury, defining the degrees of unlawful homicide, the law of manslaughter. The indictment on which the defendant was tried charged murder in the first degree; the conviction was for murder in the second degree. The state's evidence tended to show that, while one Crutchfield and the deceased were engaged in a fisticuff fight, and the deceased was getting the advantage, the defendant, who was only a few feet away, shot and killed the deceased with a single-barrel shotgun, loaded with No. 6 shot. The weapon used belonged to the deceased, and had been taken from him at the time when he and Crutchfield met and started to engage in a fight. During the progress of the fight between the deceased and Crutchfield, in which no weapons were used by either party, and after Crutchfield was down and the deceased was on his all fours, or in a stooping position, striking Crutchfield with his fist, the defendant shot and killed the deceased. The shot entered the left side just below the ribs, ranged downward, and penetrated the abdominal cavity. At the time of the shooting, the deceased was making no demonstration against the defendant of any kind, and was not using a weapon in the assault being made upon Crutchfield. Almost immediately preceding this assault, and just before the shooting, either the defendant, or some one with him, had taken from the deceased the shotgun with which the defendant killed the deceased. There was no evidence going to show that, at the time the defendant shot and killed the deceased, the deceased

was using a weapon in the assault on Crutchfield, or that the deceased had a weapon of any kind, or that it was even supposed by the defendant that deceased had a weapon, after his shotgun had been taken away from him. The state also introduced evidence tending to show that an hour or two before the homicide, and in the same neighborhood in which the fatal shooting occurred, the defendant shot at or in the direction of the deceased two or three times with a pistol. The killing was in the nighttime, in close vicinity to the house of a woman of ill fame, and several parties were at.or near the scene of the homicide at the time. The defendant testified that he and the deceased were friends; that previous to the difficulty resulting in the killing he had fired three shots from a pistol, but that he did not see the deceased at the time he fired, and that he pointed the pistol in the air when shooting; that at the time of the fatal difficulty one Kelly had the gun that the deceased had procured from his house, and that Kelly had the gun in his hands when the deceased was shot and killed with it; that he (the defendant) did not have the gun, and did not shoot the deceased. There was also evidence introduced by the state and the defendant (very conflicting as to the details) going to show that there had been a difficulty between the deceased and one Marlow, before the difficulty between deceased and Crutchfield, and that the latter occurrence grew out of or was connected with the former.

It is well settled, and has been often stated as a correct proposition of law, that if a man kill another by intentionally shooting him with a gun the slayer is guilty of murder, unless the evidence shows a justifying reason for doing the act, or that it was done under circumstances which mitigate its criminality and reduce the offense to a lower grade of homicide.—*Kirby v.*

[Grubbs v. The State.]

*State* 89 Ala. 63, 8 South. 110; *Kennedy v. State*, 85 Ala. 326, 5 South. 300; *Ex parte Brown*, 63 Ala. 187; *Miller v. State*, 107 Ala. 40, 19 South. 37; *Sullivan v. State*, 102 Ala. 135, 15 South. 264, 48 Am. St. Rep. 22.

There is no question in this case but that the gun which produced the death was such a weapon as that death would be the natural, reasonable, or probable result from its use. Malice, then, would be presumed from the use of the weapon, unless the evidence which proves the killing rebuts the presumption.

This leads us to an analysis of the evidence to see what it contains to rebut the presumption of malice. The state's evidence has no reasonable tendency in this direction. It does not show who was at fault in bringing on the difficulty between deceased and Crutchfield, or that the defendant, in killing the deceased was acting in defense of Crutchfield. The evidence, showing a fisticuff between the deceased and Crutchfield, in which the defendant, without any reason therefor being shown, intermeddles and slays one of the parties, cannot be said to have any tendencies to rebut the presumption of malice arising from the use of a deadly weapon. Crutchfield and the defendant were not shown to occupy a relation to one another of kinship or friendship that would justify or authorize a conclusion, under the evidence in this case, that the defendant was acting in Cutchfield's defense. The mere unexplained fact that the defendant shot the deceased, while engaged in a fight with a third party, would not be sufficient of itself and by itself, to show that he was acting in defence of the third party. There was evidence having a tendency to show ill will existing between the deceased and the defendant a short time before the killing, and that an hour and a half or two hours before the fatal shooting the defendant had been seen shooting at the deceased,

when he went off in the direction of his home, from whence he returned with a shotgun.

Appellant's counsel challenge the truth of the evidence in brief; but the court was not charged with the duty of deciding controverted issues of fact. The evidence was properly before the jury and became a matter for their determination. We see nothing, from an examination of the entire evidence, that would lead us to the conclusion that this testimony should be discarded as untrue. The defendant, when testifying afterwards as a witness in his own behalf, admitted having fired the shots, but denied seeing the deceased at the time, or having fired them at him. Several witnesses testified to having heard the shots. The evidence introduced on behalf of the defendant showed that the deceased was at fault in bringing on the difficulty with Crutchfield; but it does not show, or have any tendency to show, that the defendant was acting in the defense of Crutchfield. On the contrary, it is all to the effect that the defendant did not do the shooting, and the defendant himself denies having fired the shot. . The state's evidence not only fails to show that the defendant was acting in the defense of Crutchfield, but its tendencies are rather to prove that the defendant, acting through a motive growing out of former ill will toward the deceased, intermeddled in the fisticuff fight as a wrongdoer for his own unlawful purpose, and shot the deceased. The defendant's evidence in effect denied the act of shooting and entirely repudiates the idea of the defendant having acted in defense of, or to prevent the continuation of the assault upon, Crutchfield.

The defense interposed, then, is not that the defendant fired the fatal shot to prevent death or great bodily harm being done an assaulted party for whom he had the right to act in defense, and the authorities cited by

[Grubbs v. The State.]

appellant, discussing principles applicable to such a defense, do not apply. The mere fact, without more; that the evidence, showing the killing by the defendant with a deadly weapon, also showed that the deceased was engaged in a fisticuff fight with a third party does not, in our opinion, show a justifying reason or mitigating circumstance that would rebut or overcome the presumption of malice arising from the intentional use of a deadly weapon. Especially so when there is also evidence that the defendant had ill will toward the deceased, and had no relationship or connection with the party being assaulted that would have a natural human tendency to lead him to interpose and defend such party in a fist fight to the extent of taking the life of the other party with a deadly weapon.

It is unquestioned that the killing was done with a deadly weapon. The defendant does not set up self-defense, but denies the act and offers, of course, no evidence in palliation or mitigation; and, the proof of the homicide not showing circumstances mitigating the criminality of the offense, there was therefore no occasion for the trial court to give the law of manslaughter in charge to the jury, as the facts going to prove the homicide also showed that it was either murder in the first or second degree, and the defendant must have been not guilty of the homicide, and therefore entitled to his acquittal, or must have been guilty of one or the other of the degrees of murder. There is no duty resting upon the court to charge ex mero motu, or give charges requested, on manslaughter, when that crime is not involved.—*Gafford v. State,* 125 Ala. 1, 28 South. 406; *Rogers v. State,* 117 Ala. 9, 22 South. 666.

Counsel in brief discuss no other question than the refusal of the court to give the law of manslaughter in charge to the jury. In this there was no error, under the evidence in this case.

The testimony of the witness Pert about the defendant having shot at the deceased with a pistol an hour and a half or two hours before the killing was properly admitted to show the feeling existing between the parties, and to shed light upon and explain the subsequent conduct of the defendant at the time of the killing. The witness gave it as his best judgment that the person shot at by the defendant was the deceased, and the credibility of the testimony was for the jury, and not the court. The court properly refused to allow the defendant to go into the details of the fight between Marlow and deceased, with reference to the bruises made by Marlow, if they were made by him, on the head of the deceased. The doctor had testified that these bruises were not serious, and that the gunshot wound caused the death of deceased.

There is no merit in the motion made to quash the venire.

We find no reversible error in the rulings of the trial court, and the case will be affirmed.

Affirmed.