# Key v. The State.

## Murder.

(Decided May 1, 1913. Rehearing denied May 19, 1913.
62 South. 335.)

1. *Homicide; Dying Declarations.*—Statements made by a decedent under a sense of impending dissolution are properly admitted as dying declarations.

2. *Same; Instructions; Degree.*—It is incumbent on the court to charge on the different degrees of murder since section 7087, Code 1907, requires the jury to ascertain the degree of murder.

3. *Trial; Conduct of Judge.*—A statement by the court that the case would be submitted to the jury that day did not invade the constitutional guaranty of a fair trial, where it appeared that counsel for defendant repeatedly re-examined witness and consumed, in the judgment of the court, considerable unnecessary time; such statement being merely cautionary in character.

[Key v. The State.]

4. *Same; Objections to Evidence; Manner.*—A general objection to a question calling for the opinion of a non expert on matters concerning which he has actual knowledge by experience and observation, is not sufficient.

5. *Same; Time.*—Where an objection to a question is not made until after the witness answers, the objection comes too late.

6. *Same; Discretion; Recess.*—Whether a trial will be concluded the same day, or continued into the following day, rests in the sound discretion of the trial court, and unless abused to the extent of depriving the defendant of a fair and impartial trial, will not be reviewed.

7. *Charge of Court; Time.*—The court will not review a request to charge made after the jury has been charged and has retired to deliberate upon the case.

8. *Evidence; Opinion; Non Expert.*—Where a non expert is shown to be acquainted with the thing about which he testifies, and no special training, skill, knowledge or experience is necessary, such non expert is competent to express his opinion.

9. *Same.*—Where one has lived close to a particular store, is familiar with the surroundings, and knows the place where the killing occurred, he is competent to express an opinion, as to whether the light from the store on a dark night would light up the place where decedent was killed, since such an opinion is but a statement of a fact based on actual knowledge, or gained by experience.

10. *Same; Self-Serving Declarations.*—Statements made by defendant while in jail when offered by defendant himself are to be regarded as self-serving declarations and inadmissible.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

El Key was convicted of murder and he appeals. Affirmed.

GLENN & DEGRAFFENRIED, for appellant. The court was in error in permitting the declarations of the decedent to go to the jury as dying declarations.—*Justice v. The State,* 99 Ala. 180; *Sims v. The State,* 139 Ala. 74; *Twitty v. The State,* 168 Ala. 59. The court was especially in error in admitting the declaration that defendant shot deceased because deceased had turned him up for selling whisky.—*Oliver v. The State,* 17 Ala. 587; *Johnson v. The State,* 17 Ala. 687. Hightower was not shown to be an expert, and hence was not compe-

tent to state his opinion as to whether the lights in Perry's store on a dark night would light up the place, where deceased was killed.—*Baker v. Cotney,* 142 Ala. 566; *Williams v. The State,* 147 Ala. 10; *White v. The State,* 140 Ala. 58; *Evans v. The State,* 109 Ala. 11; *Tesney's Case,* 77 Ala. 33; *Pollak v. Gantt,* 69 Ala. 373. The testimony of Jeanette Green was inadmissible.— *Wright v. The State,* 3 Ala. App. 24; *Humphries v. The State;* 2 Ala. App. 1; *Owens v. The State,* 74 Ala. 401; *Amos v. The State,* 83 Ala. 1; *Wilson v. The State,* 84 Ala. 426. The defendant waived charge as to murder in the second degree, or as to manslaughter in either degree, and the court was in error in charging as to these matters.—*Thomas v. The State,* 120 Ala. 4; *Gafford v. The State,* 125 Ala. 1.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The dying declarations were admissible.—*Ex Parte Key,* 5 Ala. App. 274. The witness Hightower was shown to be acquainted by knowledge and experience with the facts, and hence could express an opinion.—*Williams v. State,* 147 Ala. 10. In any event, the questions were not subject to a general objection.—*Montgomery v. State,* 160 Ala. 7. The objection to the testimony of Jeanette Green was not interposed until after the question had been asked and answered.—*Hudson v. The State,* 137 Ala. 60. Counsel discuss other assignments of error, but without further citation of authority.

PELHAM, J.—The statements made by the deceased shortly before his death under the circumstances they were made show that he realized that he was in extremis, and were properly admitted as a dying declaration.—*Ex Parte Key,* 5 Ala. App. 274, 59 South. 331; *Gilmer v. State,* 61 South. 377.

[Key v. The State.]

The statement made by the trial judge that "this case is going to be submitted to the jury tonight" does not show, in our opinion, as contended in argument for appellant, that the court violated the constitutional guaranty given the defendant to have "a fair and impartial trial before a lawful jury." The recitals of the bill of exceptions in this connection show that the remark was called forth only after counsel had in the judgment of the court consumed unnecessary time in the examination of a witness, repeatedly re-examining the witness by permission of the court after turning him over to opposing counsel for examination, until the court gave this caution as necessary in its judgment as having "due regard for orderly proceeding and economy of time," etc.

The witness Hightower was shown to live close to the place known as Perry's store, that he knew the place where the deceased was killed, and was thoroughly familiar with the surroundings. Non experts can give their opinion upon certain subjects with which they are familiar, the proper predicate being that the witness is acquainted with the thing about which he testifies, and that it requires no training, skill, or special knowledge or experience to enable the witness to form an opinion or judgment. There are many questions upon which a non expert may express his judgment or opinion.—*Baker v. Cotney,* 142 Ala. 566, 38 South. 131; *Williams v. State,* 147 Ala. 10, 41 South. 992. It was shown that this witness Hightower had knowledge of facts giving him an opportunity to form a judgment as to whether the light from Perry's store on a dark night would light up the place where the deceased was killed, and the court was not in error in overruling the defendant's objection to the question of the solicitor calling for this testimony by the witness.

It seems to us the statement was of fact based on actual knowledge gained by experience, rather than the expression of an opinion or conclusion (*Dupree v. State,* 148 Ala. 620, 42 South. 1004) ; but, however that may be, the question was not subject to the genreal objection interposed by the defendant (*Bufford v. Little,* 159 Ala. 300, 48 South. 697; *Montgomery v. State,* 160 Ala. 7, 49 South. 902).

The testimony of Jeanette Green that appellant argues was not properly admitted was competent as going to show threats by the defendant, and to prove a motive for the commission of the offense. Moreover, the objections are not shown to have been made to the questions before they were answered.—*Hudson v. State,* 137 Ala. 60, 34 South. 854; *W. U. Tel. Co. v. Bowman,* 141 Ala. 175, 37 South. 493.

What the defendant said to Curtis Baker, while he, the defendant, was in jail, would have been purely a self-serving declaration made to a third party, and the court was not in error in sustaining the solicitor's objection to the question calling for this testimony.—*Hill v. The State,* 156 Ala. 3, 46 South. 864; *German v. State,* 61 South. 326.

The court's refusal to grant the defendant's motion to adjourn or recess for that day and continue the proceedings until the next day and not conclude the case on that particular night was a matter in the discretion of the court, and the recitals in the bill of exceptions with reference to the court's action in this matter do not in our opinion show such an abuse of discretion as would authorize a reversal of the case, or show that the defendant was not accorded his right to a fair and impartial trial.

It was the duty of the court to charge the jury on the different degrees of murder, and there was no error

in doing so.—Code, § 7087; *Brown v. State,* 109 Ala. 70, 20 South. 103; *Gafford v. State,* 125 Ala. 1, 28 South. 406.   There was no error committed by the court in not charging on manslaughter.—*Grubbs v. State,* 5 Ala. App. 491, 59 South. 350.

The court cannot be put in error for refusing to give written charge No. 2 requested by the defendant after the jury had retired under instructions of the court to their jury room to consider the case, even if we deemed the charge one that it would be error to refuse—which we do not.

We find no error in the record, and the judgment of the lower court will be affirmed.

Affirmed.