(75 South. 726)

TURNEY v. STATE.   (8 Div. 398.)

(Court of Appeals of Alabama.   April 3, 1917. On Application for Rehearing, May 29, 1917.)

1. CRIMINAL LAW ⬥�longrightarrow753(2) — AFFIRMATIVE CHARGE—EVIDENCE.

Where the evidence in a criminal case, though weak, was sufficient to sustain a conviction, the court properly refused an affirmative charge requested by defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1727, 1729.]

2. CRIMINAL LAW ⬥⟶338(3)—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—ADMISSIBILITY.

Where the evidence is circumstantial, the state may show facts which, standing alone, are without probative force, but which, when connected by evidence with other facts, are material.

3. CRIMINAL LAW ⬥⟶1005 — APPEAL — DECISIONS REVIEWABLE — DENIAL OF NEW TRIAL.

The refusal of a new trial in a case tried prior to September 22, 1915, the date when Acts 1915, p. 722, authorizing review of mo-

tions for new trial in criminal cases, became operative, was not reviewable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2563.]

4. LARCENY ⚖=43—EVIDENCE—MATERIALITY.
In a prosecution for larceny, the court properly refused to permit the person from whom the money was stolen to testify whether she had frequently stated that she did not believe the defendant got her money, where the witness had not testified that defendant got her money.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 130, 133.]

5. CRIMINAL LAW ⚖=696(5)—EVIDENCE—MOTION TO EXCLUDE—TIMELY OBJECTION.
In a larceny case, the court properly refused to exclude responsive testimony on a motion of defendant, where he had not made timely objection to the question eliciting it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1640.]

6. CRIMINAL LAW ⚖=696(8)—EVIDENCE—EXCLUSION.
Accused cannot secure the exclusion of testimony elicited by his own questions.

· [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1644.]

7. LARCENY ⚖=72—INSTRUCTIONS.
In a prosecution under an indictment charging the taking of $1,200 in gold currency of the United States, the exact number and denomination of the same being unknown to the grand jury, the court properly refused to instruct that defendant should be acquitted unless the evidence showed that he took $1,200 in gold money in denominations of $20 gold pieces, $10 gold pieces, and $5 gold pieces.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 195.]

On Application for Rehearing.

8. CRIMINAL LAW ⚖=696(7)—EVIDENCE—MOTION TO EXCLUDE.
A motion to exclude all of a witness' testimony was properly denied in a criminal case, where it appeared that some of such testimony was admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1643.]

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

· Bascom Turney was convicted of grand larceny, and appeals. Affirmed, and rehearing denied.

The indictment charged the taking of $1,200 in gold currency of the United States, the exact number and denomination of the same being unknown to the grand jury. The evidence was circumstantial, and the exceptions thereto sufficiently appear.

Charge 1 refused to defendant is as follows:

"Unless you find from the evidence that defendant took $1,200 in gold money in denominations of $20 gold pieces, $10 gold pieces, and $5 gold pieces, you should find defendant not guilty."

Charge 2 was the affirmative charge.

Tennis Tidwell, of Albany, and Sample & Kilpatrick, of Cullman, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. [1, 2] The motion made by the defendant on the close of the evidence offered by the state, for the exclusion of the evidence because of its insufficiency to support a conviction, was properly overruled. On every trial by a jury there may arise a preliminary question, a question of law the court must decide. And that is whether the party on whom rests the burden of proof has introduced evidence which ought properly to be submitted to the jury in support of the issue he is bound to maintain; i. e., "whether there be any evidence or not is a question for the court; whether it is sufficient evidence is a question for the jury." 1 Greenl. Evidence, § 49. The degree of the evidence, whether it must be of such force that in the opinion of the court the jury could conclude beyond a reasonable doubt the issue was proved, or the burden of proof satisfied, or whether it may have only a tendency to establish the issue, the necessities of this case do not require us to consider. It is enough to say there was not that want of criminating evidence—such want of evidence of every fact material to a conviction—as required that the court should withdraw it from the consideration of the jury. The facts and circumstances in evidence, if dissevered and disconnected, may be weak and inconclusive; but their probative force, when combined, as it was the province of the jury to combine them, under proper instructions from the court, may have satisfied them of the guilt of the defendant beyond a reasonable doubt. Where evidence is circumstantial, it is proper to permit the state to show facts which, though standing alone, might be without probative force, yet, when connected by evidence with other facts, are material. Burton v. State, 115 Ala. 1, 22 South. 585; Hill v. State, 146 Ala. 51, 41 South. 621. On this principle and for this reason the court properly refused the affirmative charge requested by the defendant. Authorities supra.

[3] The action of the court in refusing to grant a new trial is not revisable here, this case having been tried prior to September 22, 1915. Dorsey v. State, 107 Ala. 157, 18 South. 199. The law providing for the reviewal of a motion for a new trial in criminal cases was not operative until said date. Acts 1915, p. 722.

[4] There was no error in the court's refusing to permit the party from whom the money was alleged to have been stolen to answer the question, "You stated frequently since then you did not believe Mr. Turney [defendant] got your money, didn't you?" as this question was clearly improper and sought to adduce evidence wholly irrelevant and incompetent; the witness not having testified to the substantive fact that defendant had gotten her money.

[5, 6] State witness William Grantland was permitted to testify on the direct and

redirect, on the cross and recross examination without any kind or character of objection, and at the conclusion of his testimony the defendant moved the court to exclude practically all of this witness' testimony, a large part of which had been brought out by the defendant on the cross and recross examination. Clearly there was no error in the court's refusal to grant the motion for the exclusion of this testimony. In the first place, the answers to questions propounded to this witness, without objection, were responsive, and a responsive answer to a question which is not objected to cannot be regarded as constituting error; there must be a timely objection to the question eliciting the testimony. Allison v. State, 1 Ala. App. 206, 55 South. 453. It is not error for the court to refuse to exclude testimony from the jury on motion of a defendant who has not made timely objection to the question eliciting it. Key v. State, 8 Ala. App. 2, 62 South. 335. Neither can a party speculate upon the answers of a witness and claim the benefit of it if favorable, and discard it if unfavorable. Downey v. State, 115 Ala. 108, 22 South. 479. Further, when a party by his own question elicits testimony, he is precluded from the right to have it excluded. Wright v. State, 108 Ala. 60, 18 South. 941; Hammond v. State, 147 Ala. 79, 41 South. 761. For these reasons, also, the court committed no error in overruling the motion to exclude the testimony of witness J. E. Helms.

[7] Charge No. 1 was properly refused. Davis v. State, 3 Ala. App. 71, 57 South. 493.

Charge 2, as has been already stated, was properly refused.

There is no error shown by the record, and the judgment of the lower court will be affirmed.

Affirmed.

#### On Application for Rehearing.

[8] The application for rehearing is based solely upon the ground that the lower court erred in overruling the motion to exclude the testimony of witness Grantland. Some of the testimony of this witness was clearly material, and the motion being to exclude all of the evidence, and some of it being admissible, the motion to exclude all of it was properly overruled.

The application for rehearing is denied.