YORK v. STATE. (6 Div. 667.)

(Court of Appeals of Alabama. Aug. 11, 1925. Rehearing Denied Oct. 27, 1925.)

1. Witnesses ⬦379(2)—Testimony of witnesses as to statements made by state witness held properly received in impeachment of such witness.

In prosecution for distilling, where evidence of certain witnesses, tending to show that state witness made statements to such witnesses, to the effect that she took part in the manufacture or distilling of liquors at time and place complained of by state, conflicted with testimony of state witness, such statements were properly received in impeachment of testimony of such witnesses.

2. Criminal law ⬦1054(1)—To present for review ruling on evidence, exception must be reserved.

In order properly to present for review trial court's ruling on evidence, exception must be reserved; otherwise the Court of Appeals is without authority to revise the ruling.

3. Criminal law ⬦531(½)—Evidence that accused wanted state witness to sign affidavit not to appear against him held not to require usual predicate necessary for admission of confession.

In prosecution for distilling, evidence that accused wanted state witness to sign an affi-

davit that she would not appear against him, which she declined to do, held not in nature of confession, so as to require the usual predicate for the admission of evidence constituting a confession.

4. Criminal law ⬦742(3)—Credibility of state witness, who apparently was successfully impeached, was for jury.

Credibility of state witness, who apparently was successfully impeached, was for jury.

5. Witnesses ⬦236(1)—Answer to question which was foreign to any issue was properly excluded.

In prosecution for distilling, inquiry whether state's witness left her husband or whether he left her, which was wholly foreign to any issue in the case, was properly excluded.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Otto York was convicted of distilling, and he appeals. Affirmed.

Certiorari denied by Supreme Court in York v. State, 214 Ala. 169, 106 So. 798.

W. E. James, of Cullman, for appellant.

State's witness Wix was an accessory to the crime, and her uncorroborated testimony is not sufficient to convict defendant. Code 1923, § 5635; Segars v. State, 19 Ala. App. 407, 97 So. 747; Alexander v. State, 20 Ala. App. 432, 102 So. 597; Bass v. State, 37 Ala. 469; Belser v. State, 16 Ala. App. 504, 79 So. 265. Evidence that defendant attempted to suppress the testimony of the state's witness was inadmissible. Caraway v. State, 20 Ala. App. 362, 101 So. 912.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Mere presence of a witness at a still is not sufficient to connect her with its operation. Lee v. State, 18 Ala. App. 566, 93 So. 59. Evidence of defendant's attempt to suppress testimony was properly admitted. Montgomery v. State, 17 Ala. App. 469, 86 So. 132; Ex parte State, 209 Ala. 5, 96 So. 605.

BRICKEN, P. J. We are of the opinion that the trial court properly refused each of the special written charges requested by defendant.

[1] As to the question of conspiracy upon the part of state witness Ruby Wix (Kohlenburg), as insisted by counsel for appellant, there is no evidence of any character to sustain this contention. As a matter of fact, it affirmatively appears, and without dispute or conflict, that this witness took no part whatever in the manufacture or distilling of the prohibited liquors at the time and place complained of by the state. The evidence of certain witnesses, tending to show that said witness made statements to

them to this effect, was in contradiction of her testimony upon the witness stand, and was properly allowed by the trial court only in impeachment of the testimony of said witnesses as given upon this trial.

[2] Pending the trial, several objections were interposed to questions propounded to witnesses, but exceptions were reserved in two instances only. In order to properly present the trial court's ruling for review, an exception must be reserved; otherwise this court is without authority to revise same.

[3, 4] The first exception noted relates to evidence of state witness Ruby Wix, wherein said witness testified to alleged efforts upon the part of the defendant to *suppress her testimony* against him. This matter appears to be regarded by counsel for appellant in the nature of a confession, and the exception noted in this connection, as well as brief of appellant's counsel, would indicate that, from the viewpoint taken, a predicate usual and necessary for the admission of confessions should have first been laid. As we construe this insistence, there is no merit in the proposition. The state did not undertake to prove a *confession* upon the part of defendant, but brought out testimony by the state witness that he wanted her to sign an affidavit that she would not appear against him, which she declined to do. Notwithstanding the defendant took the witness stand and testified in his own behalf, the evidence above given was not denied by him, and therefore was before the jury without dispute or conflict. The credibility of state witness Ruby Wix was for the jury, even though said witness had apparently been successfully impeached. Upon her evidence alone, if believed to be true by the jury, under the required rules, it was sufficient to sustain the verdict and support the judgment rendered.

[5] The remaining exception noted, as shown by the record, is as follows: "By Mr. James: Did she leave her husband or did her husband leave her?" (Question propounded to defendant's witness Mrs. Emil Peinhardt.) The court sustained the state's objection to this question, and defendant excepted. There is no merit whatever in this exception, for the inquiry attempted was wholly foreign to any issue involved upon the trial of this case.

The motion for new trial presents nothing new. All the insistences contained therein were tried and determined upon the trial proper, and each of these questions have hereinabove been discussed and decided.

We find no error in any ruling of the court which is presented for review. The record proper is without error; therefore the judgment of conviction appealed from will stand affirmed.

Affirmed.