26 So.2d 633

## KELLEY v. STATE.

### 6 Div. 254.

Court of Appeals of Alabama.
June 11, 1946.

W. C. Rayburn, of Guntersville, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted on an indictment charging incest. Title 14, Sec. 325, Code 1940. The prosecutrix was fourteen years of age at the time of the alleged offense. She testified that her father, the appellant, had sexual intercourse with her on several occasions. The defendant denied the accusation. The young lady being under the age of consent, it was not necessary that her testimony be corroborated as provided in Title 15, Sec. 307, Code 1940. Duncan v. State, 20 Ala.App. 209, 101 So. 472.

The record recites:

"The striking of the jury was started while the defendant was in the witness room; six jurors were struck for the State

and ten for the defendant before it was called to the attention of the Court by defendant's counsel that defendant was not in the court room when the case was called and the striking of the jury commenced.

"Defendant's counsel moved the Court to enter a continuance of the case because of the fact that the defendant was not present in the court room when the trial of the case was begun and the striking of the jury commenced. The Court declined to grant a continuance, and ordered that the parties strike the jury over, with the defendant in the presence of the Court.

"Defendant reserved an exception to the ruling of the Court."

██ We are in hearty agreement with the insistence of appellant's counsel that it is a right accorded all who are accused of crime to be personally present at all important stages of trial. In the instant case, however, we cannot hold that these rights were violated. Under the authority of Gable et al v. State, 31 Ala.App. 280, 15 So.2d 594, certiorari denied 245 Ala. 53, 15 So.2d 600, we conclude that there was no error to reverse here.

█ During the progress of the trial numerous objections were interposed while the testimony was being taken. In many instances the rulings of the trial judge were against the position of the defendant. We have carefully noted each of these objections, and we find in many cases appellant's counsel did not reserve exceptions to the court's rulings. In several others we find that objections were interposed after the answers were given. We will not review these. York v. State, 21 Ala.App. 155, 106 So. 797.

█ On direct examination the prosecutrix was asked: "On this occasion was this the night you left after he had gotten through, and went up to Mr. George Nelson's?" After the court had overruled the objection, there was no answer. The inquiry was then abandoned. Clearly, no harm inured to appellant. Minto v. State, 8 Ala.App. 306, 62 So. 376.

█ This question was addressed to the young lady: "Now, how did you manage to get away from your father?" To which she replied: "I told him that I wanted to go and get a drink of water." Appellant's counsel waited until she had answered and then moved the court to exclude the answer. What the witness said was responsive to the question. The rule does not permit counsel to speculate on a reply to a question and then move to exclude it if it is responsive. Robinson v. State, 8 Ala.App. 435, 62 So. 372.

█ To the same witness this question was propounded: "When you went to Mr. George Nelson's did you state to Mr. Nelson or anybody else that you had been assaulted?" Objections of appellant's counsel were overruled and an exception was reserved. The reply was: "Yes, sir." The question did not call for the details of the assault. The rule permitted proof that the witness made complaint to Mr. Nelson. It appears that this is all the question sought to elicit. Mickle v. State, 226 Ala. 616, 148 So. 319; Ellis v. State, 244 Ala. 79, 11 So.2d 861.

While the prosecutrix was being cross examined, the record discloses:

"(Mr. Long speaks to witness privately.)

"Mr. Rayburn: We object to the solicitor interviewing this little witness; they were, they had her in the room before she came on the stand.

"The Court: Overrule the objection.

"Mr. Rayburn: We except."

█ We cannot approve this interruption of the orderly procedure of the trial. The solicitor should have delayed his interview with the witness until the cross examination had ended. We have quoted the record as it reflects this incident and it does not there appear that the occurrence was of much magnitude or significance. Be this as it may, the trial judge observed the event. His judicial eye prompted him to rule as indicated, and we will not hold that he overstepped his discretionary bounds. Dennison v. State, 17 Ala.App. 674, 88 So. 211.

█ It appears from the evidence that prior to the initial institution of the instant charge, the defendant had been confronted with a non-support proceeding against him. While it is not entirely clear, we take it that this was upon the complaint of his wife. The lower court disallowed, at the instance

of appellant, the introduction of the affidavit and warrant in the non-support proceedings. The asserted purpose of this tender was to identify its date. The appellant's wife was not a witness in the case at bar. It was not made to appear by the evidence that any witness who did testify had any connection with or participation in the non-support charge. The date of its inception, therefore, became a matter of immaterial inquiry.

On cross examination the prosecutrix was asked: "Why did you wait till March the 7th to swear out this warrant?" Over objections of the solicitor the court did not require an answer. We will not charge error here. It was open to the jury to draw its own conclusions relative to the delay. Southern Amusement Corp. v. Summers, 23 Ala.App. 595, 129 So. 489; Brooks v. State, 185 Ala. 1, 64 So. 295.

The appellant was interrogated as follows: "I'll ask you to tell the jury what was said by your wife and the little girl about this insurance money that you get from your son." The court sustained the objection to "what was said by your wife." As indicated above appellant's wife did not testify in the case. The question as framed included an inquiry that was clearly inadmissible. The ruling was, therefore, correct. Borden & Co. v. Vinegar Bend Lumber Co., 7 Ala.App. 335, 62 So. 245.

In rebuttal the State introduced some evidence that should have been presented in chief. This evidenced a disorder in the approved method of orderly procedure. However, the rules relating to the order of the introduction of evidence are subject to relaxation and their enforcement addresses itself to the sound discretion of the trial court. We do not conclude that this discretion was abused in this instance. Troup v. State, 160 Ala. 125, 49 So. 332; Floyd v. State, 245 Ala. 646, 18 So.2d 392.

In his opening argument to the jury the solicitor made the following statement, to which objections were overruled: "She (prosecuting witness) testified that she went with the good old grandfather to my office, and you can see him—there he sits over there (indicating)." That the young girl did go with her grandfather was developed in the testimony at the instance of appellant's counsel. The grandfather did not testify on the trial, and the solicitor should not have pointed him out and in this manner identified him to the jury. The court's ruling can be justified upon the application of the rule that, since the statement contains both material and immaterial matter, the assertion as a whole was properly allowed. Louisville & N. R. Co. v. Hurt, 101 Ala. 34, 13 So. 130. Be this as it may, we do not conclude that the statement was sufficiently harmful to appellant to cause a reversal of the case.

We come now to consider the written charges refused to appellant. Neither the refused nor the given charges are numbered. For convenience of reference and identification, we will number the refused charges, beginning with the numeral, 1.

Refused charge number 1 is the general affirmative instruction. We need not comment on the justification of its refusal. Harrison v. State, 21 Ala.App. 260, 107 So. 225.

Charges 2, 3, 5, 7, and 8 were each covered by the oral charge of the court or written charges given at the request of appellant. Harris v. State, 8 Ala.App. 33, 62 So. 477; Title 7, Sec. 273, Code 1940.

Charge numbered 4 was held good in many of the earlier cases, but in more recent opinions we find it condemned. McDowell v. State, 238 Ala. 101, 189 So. 183; Campbell v. State, 182 Ala. 18, 62 So. 57; Kirkland v. State, 21 Ala.App. 348, 108 So. 262; Witt v. State, 27 Ala.App. 409, 174 So. 794.

There was no error in refusing charge numbered 6. Young v. State, 149 Ala. 16, 43 So. 100.

Charge number 9 is a practical copy of refused charge number 5, which was covered by given charges.

Charge number 10, as it appears in the record, is without meaning.

We do not find that a witness by the name of J. E. Cummings testified in the case. Therefore, charge 11 is clearly abstract.

We are not convinced that we should disturb the judgment of the lower

court in his ruling in which he refused to grant the motion for a new trial. The rules by which we are governed in such matters are familiar and need no comment. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Smith v. State, 23 Ala.App. 488, 128 So. 358.

We have treated all questions presented for our review by the record which in our opinion should be discussed. We find no prejudicial error.

The judgment of the primary court is ordered affirmed.

Affirmed.