41 So.2d 434

**BROGLAN v. OWEN.**

**8 Div. 743.**

Court of Appeals of Alabama.
June 21, 1949.

Thomas W. Layne, of Huntsville, for appellant.

Griffin, Ford, Caldwell & Ford, of Huntsville, for appellee.

CARR, Judge.

This is a suit for property damage incident to a collision between the plaintiff's automobile and the defendant's truck. In the court below there was a judgment in favor of the former.

It is urged that the complaint, which charged simple negligence, was not sufficient in that it did not set out the quo modo of the negligence. This is not required. Under our decisions, negligence may be averred in general terms. Sloss Sheffield Steel & Iron Co. v. Weir, 179 Ala. 227, 60 So. 851; Western Ry. of Ala. v. Mays, 197 Ala. 367, 72 So. 641.

Assignments of error 4, 5, 6, 7, 8, and 9 are argued in group. Each relates to the rulings of the court while the evidence was being introduced. Only assignment number 5 is properly presented for review. As to the others, counsel for defendant failed to reserve exceptions when plaintiff's objections were sustained. York v. State, 21 Ala.App. 155, 106 So. 797; Senn v. Enterprise Banking Co., 30 Ala.App. 449, 7 So. 2d 777.

On cross-examination of one of plaintiff's witnesses the trial judge sustained objections to this question: "Did your company have the plaintiff's car insured?" Before counsel had ended the cross-examination of the witness, the court receded from his former ruling and allowed an affirmative answer to the question.

On direct examination the plaintiff was asked: "To refresh your recollection, did you tell me a while ago that it was your right bumper that contacted his car?" After objections were overruled, the witness did not answer. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

There is no merit in the insistence that the court erred in overruling appellant's motion for a new trial.

The plaintiff testified that as she was approaching defendant's truck the latter, without warning to her, attempted to turn around at a point in the road where there was no intersection, and that the vehicles collided near the center of the highway.

The defendant testified that he was parked on the side of the road and in his effort to make the turn his truck was stalled. He stated that he was just a short distance out in the highway when the appellee ran into the side of his truck.

It is clearly evident that we would be out of harmony with the authorities to hold that the trial judge should have granted the motion for a new trial under the indicated tendencies of the evidence.

We have responded to each question presented for our review.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, P. J., not sitting.