55 So.2d 365

## TUCKER v. STATE.
### 2 Div. 817.

Court of Appeals of Alabama.
Nov. 27, 1951.

John W. Drinkard, Linden, for appellant.

Si Garrett, Atty. Gen., J. W. Arbuthnot, Asst. Atty. Gen., and Marvin Cherner, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

In the circuit court the accused was convicted on an indictment charging larceny of "one heifer, an animal of the cow kind, the personal property of A. A. Hinson."

The evidence for the State showed that the heifer was in Mr. Hinson's pasture and was later found in the possession of the appellant on an occasion when he was attempting to deliver it to a third party. The heifer was identified as being the property of Mr. Hinson.

According to the testimony of the sheriff and other witnesses, the defendant admitted to them or in their presence that he stole the animal.

The judge who conducted the preliminary hearing testified that the accused entered a plea of guilty in his court.

The defendant denied that he admitted his guilt on any of the indicated occasions. He claimed that the heifer was the property of his wife and he had authority to dispose of the animal.

■ Unquestionably in this state of the evidence the defendant was not due the general affirmative charge.

The rulings of the trial judge were invoked on a number of occasions during the progress of the introduction of the evidence.

Many of these matters can be disposed of by the application of these rules: After objections were interposed by appellant's counsel, the witness did not make any answer or the reply was harmless to the rights of the accused; objections came after the witness had answered the question; no exceptions were reserved to the ruling of the court. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Stephens v. State, 250 Ala. 123, 33 So.2d 245; York v. State, 21 Ala.App. 155, 106 So. 797; Minto v. State, 8 Ala.App. 306, 62 So. 376.

Over the general objections of appellant's attorney the court permitted a witness to answer this question: "Was anybody threatening him at that time?" Reference is here had to the defendant.

■ If there was any objectionable basis to this question it was because it called for the unauthorized conclusion of the witness. The ground of the objection did not pose this vice. Key v. State, 8 Ala.App. 2, 62 So. 335; Davis v. State, 35 Ala.App. 312, 46 So.2d 242; Bufford v. Little, 159 Ala. 300, 48 So. 697.

After a State's witness had been interrogated on direct, cross, redirect and recross-examination, appellant's counsel made a motion to exclude all of the testimony of the witness. Many of the facts, if not all, to which the witness deposed were material and admissible.

■ The function of a motion to exclude the evidence of a witness has no application under the circumstances here appearing. Jackson v. State, 31 Ala.App. 212, 14 So.2d 593; Washington v. State, 106 Ala. 58, 17 So. 546; Turney v. State, 16 Ala.App. 134, 75 So. 726.

On cross-examination of the county sheriff the court refused to allow an answer to this question: "You helped pick the jury to try this man, didn't you?"

■ Of course it is always proper and permissible to allow full and searching cross-examination on matters which may tend to show bias or undue interest. We presume that counsel had reference to aid rendered by the sheriff to the solicitor in striking the jury. The inquiry was not pressed to the point that we can say it had any tendency to show bias or undue interest. For aught appearing the prosecuting officer may have solicited the aid and counsel of the sheriff in the matter of selecting the jury. If so, it was certainly the duty of the sheriff to respond.

We have discussed each presented question, which in our view merits any treatment.

The judgment of the court below is ordered affirmed.

Affirmed.