64 So.2d 620

## SMITH v. STATE.

### 7 Div. 248.

Court of Appeals of Alabama.

March 10, 1953.

Rehearing Denied March 24, 1953.

H. C. Orme, Jr., and Lee Porter, Gadsden, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below the accused was indicted and convicted on a charge of assault with intent to murder. He did not testify in his own behalf.

It appears that beginning rather early on the night of the assault the appellant and an automobile traveling companion, James Albert Hayes, began to visit night spots. At one of these they came in contact with Clyde Davis. The defendant and Davis became involved in a dispute or quarrel.

A few hours later, while Davis was walking along a highway and the other two named parties were traveling the same road, the defendant drove his automobile against or over the body of Davis.

There is some evidence which affords an inference that the appellant turned his vehicle around and, after retracing his course of travel, again ran over Davis as the latter was lying prostrate on the highway.

On account of the severity of his injuries Davis was unable to give a very coherent delineation of the circumstances attending the immediate incident. Hayes testified for the State, and from his testimony the jury was warranted in concluding that the assault was deliberate and intentional.

Appellant in brief urges that, against objections, the court should not have permitted proof of the prior difficulty or at least the details of it.

This inquiry was brought into the trial proceedings while two witnesses were testifying. The first of these was Davis.

In this aspect the record discloses:

"Q. Now, about what time was it when you first saw the Defendant Smith? A. I seen him in the afternoon around sun-down.

"Q. There at the beer joint? A. Yes, sir.

"Q. Did you have a conversation with him? A. Yes, sir."

Objections were interposed but after the answer. Bryant v. State, Ala.App., 52 So. 2d 403; Holmes v. State, 35 Ala.App. 585, 50 So.2d 800.

"Q. Later on that night did you see him again? A. Yes, sir.

"Q. Did you have some more talk with him that night? A. Yes, sir."
Objections were interposed but again after the reply.

"Q. Now, will you relate to the Jury what you said to the Defendant Smith, and what the Defendant Smith said to you?"

The court here overruled objections to the question, but the witness made no reply. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Malone v. State, 16 Ala.App. 185, 76 So. 469.

The solicitor at this time abandoned the inquiry and related his questioning to other matters. When he went back to it he requested Hayes to: "Tell the Jury what, if anything, he said to you." At this time the answer was made without any objections.

■ The inquiry arose again while Mrs. Chitwood was testifying. The witness was asked whether or not she heard a conversation between the defendant and the injured party at one of the night spots several hours prior to the time of the assault. This called for a "yes" or "no" answer. The details of the conversation were not related. The simple "yes" answer did not in any manner harm the defendant.

We would not be authorized to predicate error on the action of the court in overruling the objections to the question.

The witness was then asked: "Did you at that time hear William H. Smith make a statement to Clyde Davis, about Clyde Davis?"

The court overruled appellant's objections, but no exceptions were reserved. Tucker v. State, Ala.App., 55 So.2d 365.

The witness answered in the affirmative.

Then this question followed: "What did you hear William H. Smith say about Clyde Davis?" Without objections the witness replied: "He said he would be 6 feet under the ground before morning."

The answer, of course, was in the nature of a threat, but anyway the reply was made without objections.

We have set out the record much in detail in order to fairly illustrate the problems that confront us in approaching a review of the questions of instant concern.

■ The only other question pressed in brief of appellant's counsel relates to an incident which happened during the time the injured person was testifying. He was detailing the circumstances of the assault in a lengthy statement. According to the record during the narration the court reporter inserted in parentheses this: "(At this point in the testimony, the witness cried aloud)."

The witness continued his statement. After the completion the appellant's counsel made a motion for a mistrial. The grounds of the motion took the position that "the conduct of the witness is so prejudicial to the Defendant that he would be unable to obtain a fair trial."

Counsel did not request the court to give any instruction to the jury relating to the matter, and the judge did not do so on his own account. The motion was overruled, and the appellant excepted.

· We think that it can be accurately stated that the emotions were not staged, planned, or feigned. Davis received a very severe injury at the time he was struck by appellant's car. Both his arm and leg were broken, and he received other bodily injuries. His leg had to be amputated. He spent much time in the hospital. It is very reasonable to suppose that the pain and suffering incident to his injuries upset his nerves and affected his emotional control.

We are forced to approach the review with very few facts to aid us. It appears to have been only a slight demonstration.

The trial judge witnessed the incident. To him must of necessity be committed a wide discretion in determining whether or not the occurrence affected the rights of the accused to a fair, impartial trial.

The scant factual background does not afford sufficient reason for us to hold that the presiding judge abused his discretion in the instant case. Swindle v. State, 27 Ala.App. 549, 176 So. 372; 53 Am.Jur., Trial, Sec. 41, p. 54. See cases annotated in 57 A.L.R., pp. 62–65, inclusive, and 131 A.L.R., pp. 328–332, inclusive.

It is our view that the judgment below should be affirmed. It is so ordered.

Affirmed.