# Hooper & Nolen *v.* Birchfield, *et al.*

### Statutory Action of Detinue.

1. *Detinue; defense when action founded on a mortgage.*—Under section 2720 of the Code of 1886, as amended by the act approved February 21, 1893,(Acts, 1892-93, p. 1127), any matter of defense which would be available against an action on a mortgage debt may be pleaded against an action of detinue brought by the mortgagee or his assignee for the recovery of the property covered by the mortgage, either to show payment of or other satisfaction of the mortgage debt, or to reduce the amount of such debt as claimed or expressed in the mortgage with a view to the ascertainment by the jury of the balance due.

2. *Same; same; construction of statute.*—In considering such statute, it is assumed that the last clause of the section as amended by the act approved February 21, 1893, (Acts, 1892-93, p. 1127), reads that "to show title the *defendant* may plead payment, accord and satisfaction, or otherwise, as he could to a note or other obligation made for the payment of money;" since it is so obvious that the word

[Hooper & Nolen v. Birchfield *et al.*]

"plaintiff" is used in this clause as the result of a clerical misprision, and that *defendant* was intended, that the error corrects itself, and the assumption is fully authorized and justified.

3. *Same; same; when no debt is pleaded as a defense.*—In an action of detinue brought by the mortgagee to recover property covered by a mortgage, when the defense set up under the statute (Code of 1886, § 2720, as amended by acts of 1892-93, p. 1127) is that there is no debt, the facts relied on to substantiate this defense should be set forth by special plea, and any state of facts which leads to and enforces the conclusion pleaded may be averred in a single plea; such as usury as to a part of the debt, partial failure of consideration, and payment of the balance due.

4. *Same; same; same.*—In such case, neither of such defenses, not equalling the amount of the mortgage debt, if pleaded separately, will bar the action of detinue; the plaintiff being entitled to recover if any part of the debt exists.

5. *Same; same; when there is an ascertainment of the amount due requested.*—In such case, where the defendant, by statutory suggestion, requires that the jury ascertain the amount of the mortgage debt, the question presented by the defense interposed is, not whether any debt exists but, as to the amount of the admitted indebtedness, and any fact going to the reduction of the debt named in the mortgage, such as partial failure of consideration, partial payment, usury, set off, or recoupment in part, is proper for the consideration of the jury, and the proof of these facts can be brought forward in the action without being specially pleaded.

6. *Same; pleading; error without injury.*—Where, in an action of detinue, the defendant suggests on the record that the suit was founded upon a mortgage, and defends upon the ground that the debt has been paid and files a plea averring usury in such debt, partial failure of consideration and payment of the balance due thereon, the striking out of such plea upon plaintiff's motion, is error; but if the several matters set up in said plea are then averred in separate pleas, the overruling of plaintiff's demurrers to such separate pleas, though erroneous, is error without injury and the plaintiff can not complain thereof; such ruling resulting directly from the error committed at plaintiffs' instance in striking out the defendant's original plea.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. GEORGE E. BREWER.

This was a statutory action of detinue, commenced by appellants in a justice of the peace court, against the appellees to recover three cows and their increase; and judgment was rendered for plaintiffs, from which an appeal was taken to the circuit court by defendants, where the case was tried anew, and judgment was rendered in favor of the defendants, from which judgment this appeal is taken.

[Hooper & Nolen v. Birchfield *et al.*]

The suggestion was made by defendants upon the record that the suit was founded upon a mortgage, in which they asked for an ascertainment by the jury of the amount of the mortgage debt; and the defendants filed three pleas. The first was the general issue. The second plea, as originally filed, embodied all the defenses to the mortgage debt; and averred that the debt for which the note secured by the mortgage was given was usurious, setting out specifically the various items of usury charged; also a want of consideration in part, for the reason that the consideration of such mortgage debt was previous accounts and notes given by defendants to cover such account and a number of items on the account were fictitious and erroneously charged; setting forth specifically such items. The plea further averred the payment on such mortgage debt of $175, and full payment thereof; the amounts of usurious interest and the false or erroneous items on the account, reducing the debt to less than $175. The third plea averred that the mortgage debt was usurious and that usurious interest had been charged thereon to the amount of $200, and further averred payment.

Plaintiffs moved to strike these pleas upon the ground, in substance, that they were duplicitous in joining two or more defenses—usury and payment, and usury, failure of consideration and payment; and also demurred upon substantially the same grounds. The motion to strike was granted. Thereupon defendants, by leave of the court, amended their pleas and suggestion, numbered two and three, and filed an additional plea numbered 1st additional plea. In plea No. 2, as amended, all matters in respect to payment and failure of consideration, were stricken out, and it was framed as a plea of usury alone. The 3d plea, as amended, contains the suggestion that the action is founded upon a mortgage, and that plaintiffs claimed such property sued for under a mortgage made to them by defendants, and averred the payment of such mortgage indebtedness.

In the 1st additional plea, the same suggestion is made as to the action being founded upon a mortgage made by defendants to plaintiffs, the consideration of the note secured thereby being an account and former notes and mortgages, covering such account, during several years dealings between the parties, as averred in

plea No. 2, as amended ; and there is further averred a want of consideration for such debt, setting forth the facts, showing wherein the mortgage note was without consideration ; and averring that the account upon which it was founded contained fictitious, simulated and wrongful charges in excess of the note.

Plaintiffs demurred to the 2d plea, as amended, and the additional plea. The demurrers to plea No. 2, as amended, were in substance as follows :  1. That the plea of usury can not be interposed in this action.  2. That the facts do not sufficiently show usury in the mortgage debt, in this, that it does not appear that there was an agreement between plaintiff and defendant that usury should be charged in all the instances mentioned in the plea.  3.  The plea purports to be in ∙ bar of the whole action and shows only a partial defense thereto. 4.  That it is averred that plaintiffs claim title under a mortgage, and in such a suit there can be no inquiry into the alleged charge of usury.  The demurrers to the additional plea were on two grounds, as follows :  1st. That the plea is in bar, but shows a balance due on the mortgage debt.  2d. It appears from the plea that defendants owe a balance of the mortgage.∙  Each of these demurrers were overruled ; and plaintiffs duly excepted.

There were verdict and judgment for the defendants. The plaintiffs appeal,∙and assign as error the rulings of the court upon the pleadings, and the rendition of judgment for the defendants.

Bowie, Dixon & Manning, for appellants.—1.  A plea in bar should answer the entire complaint, and is not good unless it does.—*Powell v. Crawford*, 110 Ala. 298 ; *Galbreath v. Cole*, 61 Ala. 139 ; 3 Brick. Dig. 706, § 91.  In an action of detinue, usury can not be pleaded where plaintiff's title is founded upon a mortgage. *Bradford v. Daniels*, 65 Ala. 133 ; *Powell v. Crawford, supra.*

2.  The act of the legislature, amending section 2720 of the Code of 1886, (Acts, 1892-93, p. 1127), does not authorize the defendant to interpose the plea of usury. *Powell v. Crawford, supra* ; *Lewis v. Simon*, 101 Ala. 547. Where general words in a statute follow words of a particular and special meaning, if there be not a clear manifestation of a different legislative intent, they are con-.

[Hooper & Nolen v. Birchfield *et al.*]

strued as applicable to persons or things, or cases of like kind as are designated by the particular words.—3 Brick. Dig., 749, § 21; *Woolsey v. Cade*, 54 Ala. 378; *Amos v. State*, 73 Ala. 498; *Ex parte Robinson*, 86 Ala. 625; Sutherland on Statutory Construction, 268, *et seq.*

WHITSON, GRAHAM & HAYNES, *contra.*—1. Where a suit in detinue is by a mortgagee or one holding under him, "the defendant may plead to the consideration of the instrument relied upon," and may also plead payment, accord and satisfaction or otherwise as he could to a note or other obligation made for the payment of money.—Code of 1886, § 2720, as amended by Acts of 1892-93, p. 1127; *Lewis v. Simon*, 101 Ala. 547; *Foster & Rudder v. Smith*, 104 Ala. 248.

2. It may be the general rule of pleading that "a plea must answer the whole declaration, and if it answers only a part, the plaintiff may take judgment *nil dicit* for the residue." But "this rule is applicable only when the part unanswered is not answered by any other part of the pleadings, the statute giving the right to plead as many several matters as may be necessary to the defense.—2 Brick. Dig. 348, § 299; *Tubb v. Madding*, Minor 129; Code of 1886, § 2676. The payment of the mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage, (Code of 1886, § 1870,) and the defense of payment must be specially pleaded.—*Slaughter v. Swift*, 67 Ala. 494; *Harper v. Weeks*, 89 Ala. 578. It was competent for defendants to put in issue the amount due upon the mortgage debt and to plead usury as against the usurious interest in the same, in reduction of such indebtedness to the extent of the interest, in the ascertainment, in order to obtain the benefits of the provisions of section 2720 of the Code of 1886, as amended; and this is all that is done in defendant's amended plea and suggestion number 2.—*Foster & Rudder v. Smith*, 104 Ala. 257; *Foster v. Napier*, 73 Ala. 595; *Woodruff v. Stough*, 107 Ala. 314; *Munter v. Linn*, 61 Ala. 492; *Kilpatrick v. Henson*, 81 Ala. 464; *Woodall v. Kelly*, 85 Ala. 368.

McCLELLAN, J.—Under section 2720 of the Code as amended by the act of 1893—Acts, 1892-93, p. 1127—any matter of defense which would be available against

an action on the mortgage debt may be availed of against an action by the mortgagee or his assignee for the recovery of the property covered by the mortgage, either to show payment or other satisfaction of the mortgage debt, whereby the suit would be defeated, or to reduce the amount of such debt as claimed, or expressed in the mortgage, with a view to the ascertainment by the jury of the balance really due. If the purpose is to show that there is no debt, the facts relied on to this end should be set forth by special pleas ; and, in view of the object contemplated by the statute, that, if it be made to appear no debt exists the title conveyed by the mortgage is divested out of the mortgagee plaintiff, any state of facts which leads to and enforces that conclusion may be averred in a single plea. As, for example, where there was no consideration for a part of the mortgage debt, as to other part it is made up of usury, and the balance remaining, after reducing the nominal debt to the extent of the usury and that part of it for which a consideration is wanting, has been paid : all these facts may be, indeed, should be, laid in one plea, for each of them is an essential constituent in such case of the defense the statute provides for, and all of them together are necessary thereto. While usury in the mortgage debt, not equalling the amount thereof, partial failure of consideration and part payment are severally defenses *pro tanto* against a suit for the recovery of the money claimed to be due on the debt, neither of these facts taken separately can bar an action in detinue for the property, because so long as any part of the debt exists the plaintiff would be entitled to recover, It was to this latter sort of case this court had reference, when it said by HARALSON, J., in *Powell v. Crawford,* (110 Ala. 298) : "Usury in a debt secured by a mortgage, does not affect the validity of the mortgage, any part of the debt remaining unpaid, and is not available at law to defeat the action founded on the mortgage." The cases cited to the foregoing passage in the opinion were decided before the statute we are considering was enacted, but were apt in the connection used to support the proposition that even since the statute usury, insufficient in amount to totally extinguish the mortgage debt, is no defense to the action of detinue for the mortgaged property.

On the other hand, where the question arises upon

defendant's suggestion requiring that the jury ascertain the amount of the mortgage debt, and is, not whether any debt exists but, as to the amount of the admitted indebtedness, any fact going to a reduction of the debt named in the instrument or claimed to have been incurred thereunder, such as partial want or failure of consideration, partial payment, usury, set-off or recoupment in part, would be proper for the consideration of the jury; and it would seem that any and all of these defenses *pro tanto* to an action on the obligation to pay money which the mortgage purports to secure could be brought forward in the action to recover the mortgaged property under the defendant's statutory suggestion— his requirement "that the jury ascertain the amount of the mortgage debt"—without being specially pleaded in any way; for, while the statute clearly contemplates that all matters of defense against the obligation to pay money may be availed of to show satisfaction of the mortgage and thus to destroy plaintiff's claim of title, or to reduce the debt upon defendant's suggestion as to an ascertainment of amount, it as clearly provides for such ascertainment upon this mere suggestion without more. This is not to be commended as the perfection of pleading, but so the law is written. Doubtless trial courts will exercise in respect of it a sound discretion as to continuances and the like to prevent hardships to plaintiffs incident to being called upon without previous warning or notice to answer defensive matter which in an action on the money obligation would have to be specially pleaded.

In the foregoing observations we have assumed that the last clause of section 2720 as amended reads as follows: "To show title the defendant may plead payment, accord and satisfaction, or otherwise, as he could to a note or other obligation made for the payment of money." A like assumption has been indulged by this court whenever this statute has come under review. *Powell v. Crawford,* 110 Ala. 294; *Lewis v. Simon,* 101 Ala. 547. In point of fact the statute as enrolled and as published employs the word *plaintiff* instead of the word defendant in the provision referred to. It is so entirely obvious, however, that the use of the word "plaintiff" is the result of a clerical misprision and that *defendant* was intended, that the error corrects itself and

that the assumption upon which we have been proceeding is fully authorized and justified.

The application of our views of the law to the present case leads us to the conclusion that the circuit court erred in striking out defendant's original second plea, on the ground that it set up usury, partial want of consideration and payment in part. This error forced the defendant to set up these several matters in separate pleas. As none of these separate pleas in and of themselves respectively showed a defense to the action, since neither the usury, nor the payments made nor that part of the nominal debt for which there was no consideration, independently considered, showed full satisfaction of the mortgage debt, the demurrers to them severally, for that they were pleaded in bar and failed to answer the whole case, should, abstractly speaking, have been sustained. But in submitting to the jury upon these several pleas the question whether the real mortgage debt had been satisfied, the court did no more than it should have done under the original second plea, and hence no more than the defendant had a right to demand; and the error committed against the appellants by overruling their demurrer to the amended pleas is so counterbalanced, so to say, by the error committed at their instance and in their favor by sustaining their objections to the original plea, and the error against them resulted so directly from the error induced by them and to their advantage, that they cannot now be heard to complain.

The judgment of the circuit court is affirmed.