(85 South. 536)

**HENDERSON et al. v. HOLMES & DAWSON.**
**(4 Div. 857.)**

(Supreme Court of Alabama. April 22, 1920.)

**1. Appeal and error ⬅⟹1040(16)—Overruling of demurrer to counts charged out not error.**

Overruling of demurrer to counts· of complaint was not available error where counts were charged out.

**2. Sales ⬅⟹411—Complaint in buyers' action for nondelivery held good.**

In buyers' action for nondelivery, complaint alleging sellers' agreement to deliver· goods f. o. b. railroad cars at designated place as fast as cars could be procured to be shipped to buyers at certain place for specified price, buyers' agreement to pay when goods were delivered and drafts for purchase price with bill of lading attached were presented to them, and sellers' failure to deliver pursuant to such an agreement, *held* to state a cause of action, notwithstanding failure to allege that sellers could have procured cars; the failure to procure cars being a matter of defense to be alleged and proved by sellers.

**3. Contracts ⬥346(4)—Contract at variance with count of complaint admissible where no variance as to other counts.**

Contract was admissible, notwithstanding variance between it and count of complaint, where there was no variance between the contract and other counts.

**4. Evidence ⬥417(12)—Parol evidence as to method of payment admissible.**

Where sales contract did not purport to state the time or method of payment, parol evidence as to how goods were to be paid for was admissible.

**5. Appeal and error ⬥1050(1)—Testimony as to market price held not prejudicial to sellers, where movement of price was upward.**

In buyers' action for nondelivery of peanuts, testimony as to the market value of the peanuts at a time prior to time of delivery was not prejudicial to sellers, where the movement of prices during the time was upward.

**6. Trial ⬥83(1) — Testimony as to market price in answer to question not designating grade not error, in absence of objection.**

In buyers' action for breach of contract to deliver peanuts of specified grade, testimony as to the market price of peanuts in response to question not specifying particular grade, without objection that the question and answer were not predicated as of grade specified in the contract, was not error.

**7. Sales ⬥416(2)—Testimony as to price of particular peanuts not error, in absence of showing of difference between kinds.**

In buyers' action for nondelivery of North Carolina peanuts, admission of testimony as to the market price of Carolina peanuts *held* not error, in absence of a showing that there was a difference between Carolina and North Carolina peanuts.

**8. Evidence ⬥5(2) — Difference between brands of peanuts not judicially known.**

The court does not judicially know whether there is a difference between Carolina and North Carolina peanuts.

**9. Sales ⬥168(4)—Buyers who reject goods because of defects must notify sellers thereof.**

On delivery to buyers of a carload of peanuts, buyers on rejection thereof because of defects were required to notify sellers of such rejection and the reasons therefor, and failure to so do would create a strong presumption that the peanuts measured up to the standard of the contract.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by Holmes & Dawson against J. E. Henderson and J. L. Warren for breach of contract to sell peanuts. Judgment for plaintiffs, and defendants appeal. Affirmed.

Count 4 is as follows:

Plaintiffs claim of the defendants * * * damages for the breach of a contract entered into by and between the plaintiffs on the one part and the defendants on the other part on * * * by the terms of which contract defendants sold and agreed to deliver to plaintiffs f. o. b. railroad cars at Enterprise, Ala., as fast as cars could be procured, to be shipped to plaintiffs at Suffolk, Va., 500 tons of Carolina runner peanuts, grade to be general run, and weights guaranteed to be within 1 per cent. of invoice weights when weighed at destination, at and for the price of 6¼ cents per pound bulk, which plaintiffs agreed to pay when peanuts were delivered as aforesaid, and drafts for purchase price with bill of lading attached were presented to plaintiffs. And plaintiffs aver that defendants failed to deliver said peanuts as they agreed to do, although plaintiffs were willing, ready and able to receive and pay for them at the time they should have been delivered and to perform in all respects their part of said contract. The other facts sufficiently appear.

W. W. Sanders, of Elba, for appellants.

Counsel discuss the demurrers to counts 2, 4, 8, and 9, but without citation of authority. The Smathers evidence should have been excluded. Elliott on Contracts, §§ 1620, 1621; 131 Ala. 215, 31 South. 430; 138 Ala. 432, 35 South. 412. The letter of March 12, 1918, should have been excluded. 185 Ala. 313, 64 South. 600; 5 Ala. App. 579, 59 South. 343.

Arrington & Arrington, of Montgomery, for appellees.

The duty was on defendant to procure cars, and, if cars could not be procured fast enough, this was defensive matter, and not ground for demurrer. 97 Ala. 694, 12 South. 388; 146 Ala. 591, 40 South. 1018; 170 Ala. 491, 54 South. 513. The written conformation was admissible. 80 Ala. 342; 75 Ala. 342; 124 Ala. 297, 27 South. 302; 128 Ala. 500, 29 South. 606. General objections are insufficient. 63 South. 13; 3 Ala. App. 253, 57 South. 83; 10 Ala. 453. There was no error in admitting evidence as to market price. 94 Ill. App. 579; 181 Ill. App. 215; 93 Iowa, 157, 61 N. W. 364; L. B. 3 Q. B. 272.

SAYRE, J. [1, 2] Appellees brought this action against appellants, alleging the breach of a contract by which appellants undertook to sell and deliver to appellees 500 tons of peanuts. Demurrer addressed to the complaint and each count thereof was overruled, and the assignment of error is that "The court erred in overruling the demurrer to the complaint." In the brief it is noted that counts 2, 4, 8, and 9 each averred that the peanuts were to be delivered "f. o. b. railroad cars at Enterprise, Ala., as fast as cars could be procured," and it is argued that these counts were defective, for that they contained no allegation that defendants had had time in which to procure cars or that cars could have been procured. Other counts did not contain the quoted allegation,

so that the assignment of error and the argument in support thereof hardly point out with sufficient definition the ruling complained of. But, aside from that, counts 2, 8, and 9 were charged out, so that, as to them, the assignment of error could avail nothing, however made. Nor was the demurrer as to count 4 well taken, for the legal effect of the contract alleged was that deliveries were to be made as soon as transportation could be secured, and if cars could not be secured that was a matter of defense to be alleged and proved by the defendants. The demurrer was therefore properly overruled. Farmers' Co. v. Ward, 170 Ala. 491, 54 South. 513; Raisin Fertilizer Co. v. Barrow, 97 Ala. 694, 12 South. 388.

[3] Even though by any strained construction the fourth count could have been held to allege that deliveries were to be made when drafts for purchase price with bills of lading attached were presented to plaintiffs, and thus a variance established between that count and the contract offered in evidence and containing the stipulation already quoted, still, manifestly, the objection to the contract on that ground could not have been sustained, for certainly there was no variance between it and other counts of the complaint. Further, we hold that defendants' construction of count 4, adopted in order to work out a variance, was strained and unnatural, and therefore not to be accepted by the court.

[4] Plaintiffs' witness Smithers was permitted to testify that plaintiffs were to pay for the peanuts on drafts attached to bills of lading as fast as cars could be procured to Suffolk, Va.; that being plaintiffs' place of business. There was no error in overruling defendants' objection that thus plaintiffs were allowed by parol to vary the written contract in evidence. There was no inconsistency between this testimony and the written contract, which did not purport to state the time or method of payment, and for this reason the ruling of the court did not impinge upon the rule of law which forbids parol evidence to vary a written contract complete in itself, the validity of which is not questioned. Whatley v. Reese, 128 Ala. 500, 29 South. 606, and cases there cited.

[5, 6] The trial court overruled defendants' general objection to plaintiffs' question to the witness Sawyer asking "what the market price f. o. b. cars Enterprise, Ala., of peanuts was during the month of March, 1918." The contract, entered into on January 10, 1918, called for Carolina runner peanuts, "grade to be of average general run." The answer stated the price of Carolina runner peanuts, but said nothing other or further as to grade. Time for performance had by correspondence between the parties been extended to and beyond the time inquired about, and it appeared the tendency and movement of prices during the time was upward. So there was no valid objection to the question or answer as irrelevant or hurtful on the ground that they showed a price at a time different from the breach shown in evidence. As for the rest, defendants' objection was too general to serve the purpose now shown in argument. No doubt, had defendants stated their objection on the ground that the question and answer were not predicated as of a "grade of average general run," the question would have been amended, if in fact the market at the time recognized grades of peanuts other than good or bad, or the objection would have been sustained. It was said in Wallis v. Rhea, 10 Ala. 451, that justice itself, the dignity of judicial proceedings, and the certainty of the law, all impel to the conclusion that, if the party making an objection will not particularize, the court is not bound to cast about for the grounds upon which, in the mind of counsel, it' is rested. Sanders v. Knox, 57 Ala. 83. We speak not of a case in which the evidence called for is patently illegal or irrelevant, and apparently incapable of being rendered admissible in connection with other evidence. Bufford v. Little, 159 Ala. 300, 48 South. 697.

[7, 8] There was no error in receiving evidence of the market price of Carolina peanuts at Enterprise in April and May, 1918. As we, have said, the time of delivery was by correspondence from time to time extended, and these extensions covered the latest of the times inquired about and the movement of the market was upward. One witness spoke of the price of North Carolina peanuts, and objection is taken to his testimony on that account. Whether the question called for the discrimination between Carolina and North Carolina peanuts, and whether there is a difference between Carolina and North Carolina peanuts, the record does not inform us nor do we know judicially. For aught we know, the witness spoke of the kind of peanuts mentioned in the contract. And so, too, for aught we know, a statement as to peanuts, without more, may very properly be held to intend the "average general run" of peanuts.

[9] Defendants objected to the letter of March 12, 1918, on the ground that it was incompetent, immaterial, and irrelevant. This letter was not competent to prove that the carload of peanuts to which it referred was "damaged and mixed" or "bad stock." There was competent evidence that this carload was damaged and mixed, and plaintiffs had rejected it on its arrival at Suffolk, and it was their duty to notify defendants of the fact and the reasons for it, to the end that defendants might thereafter act advisedly with reference to further disposition of the peanuts; at least a very strong presumption that the peanuts measured up to the stand-

ard of the contract would have arisen out of plaintiffs' silence. Plaintiffs were entitled to exclude a conclusion of that character, and proof of this letter legitimately served that purpose. If defendants apprehended a misapprehension of its true and lawful purpose, its effect should have been limited by instructions.

Defendants' requested general charge as to count 4 was based upon an alleged variance our consideration of which has already been stated. The charge was properly refused.

There is no merit in the appeal and the judgment must be

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

---

&#8680;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes