(92 South. 428)

### WOOD et al. v. LAMBERT et al.
### (7 Div. 284.)

(Supreme Court of Alabama.    April 6, 1922.)

1. **Sales** ⊜➔445(4)—**Refusal of instruction denying right to prevail on plea of recoupment for breach of warranty held proper on conflicting evidence.**

In an action of detinue by the seller of an automobile bus against the buyer, to recover it because of a default in payment of installments according to the provisions of a mortgage held by the seller, in which defendants pleaded breach of warranty and recoupment in damages therefor, and asked that the amount of the mortgage debt be ascertained, as permitted by Code 1907, §§ 3789, 3791, where the evidence was conflicting, a refusal of an instruction, asked by plaintiff, denying defendants' right to prevail under their plea of recoupment, was proper.

2. **Evidence** ⊜➔483(1)—**Admission of evidence as to condition of car sold under warranty held not error.**

In an action by a seller of an automobile bus against a buyer, defended on the ground of breach of warranty as to the mechanical condition of the automobile, admission of testimony by a witness who saw the automobile before it was delivered that the automobile was not in good condition was not error.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Detinue by T. P. Wood and another against T. N. Lambert and another to recover an automobile bus. Judgment for plaintiffs and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The defendant set up in short, by consent, first, the general issue; second, fraud, which was charged out by the trial court; third, breach of warranty; fourth, recoupment; fifth, deceit, which was charged out by the trial court.

Hood & Murphree, of Gadsden, for appellants.

The court should have charged the jury to find for the plaintiff as to defendant's plea of recoupment. 16 Ala. App. 42, 75 South. 187. Defendants knew of the condition of the car before they accepted it and signed the papers, and hence there could be no breach of warranty. 15 Ala. App. 647, 74 South. 749; 24 R. C. L. 352.

J. M. Miller and Victor Vance, both of Gadsden, for appellees.

The plaintiff was not entitled to the affirmative charge on defendant's plea of recoupment. Sections 3781, 5865, Code 1907; 160 Ala. 435, 49 South. 782.

McCLELLAN, J. [1] Detinue by appellants (plaintiffs) against appellees (defendants) to recover an automobile bus sold by the plaintiffs to the defendants; the former taking mortgage to secure deferred monthly payments on the purchase price. There was default in deferred installments. By agreement of counsel the defendants pleaded in short by consent, in addition to the general issue, breach of warranty and recoupment in damages therefor, suggesting that plaintiffs claimed under a mortgage on the machine, and asked that the amount of the mortgage debt be ascertained. Code, §§ 3789, 3791. The jury resolved the issues in favor of the defendants, and there was judgment accordingly; the value of the chattel, in possession of plaintiffs, being ascertained. The jury's theory evidently was that the plaintiffs' express warranty of "first-class mechanical condition" was breached at the time of the sale, at the time of the delivery of the machine to defendants, and it fixed the damages therefor at the sum of the balance secured by the mortgage.

The plaintiffs' evidence went to show there was no such warranty, and no breach thereof. This phase of the issue was for the jury under the conflicting evidence; the court properly refusing plaintiffs' special request for an instruction that denied defendants' right to prevail under their plea of recoupment based, as it evidently was, upon the breach of the express warranty indicated.

[2] The witness Gallagher testified to the presence of mechanical defects in the machine just before its delivery. It was open to the jury to conclude from his evidence that, given the existence of such defects, they were present when the sale was effected. He also testified to elements of value that were capable of affording the jury, along with other elements, the data upon which to found a conclusion of the amount of damages consequent upon the breach asserted. He testified:

"I saw it down at the garage before it was delivered."

The defendants thereupon propounded this question to the witness:

"I will ask you if that car was in first-class mechanical condition at that time?"—meaning the time just mentioned.

The plaintiffs' general objection to this question was overruled. There was no error here. The issues pleaded, by agreement in short, included the subject of the inquiry, viz. the mechanical condition of the machine at the time the sale was effected. The answer to the question was:

"No, sir; it was not in mechanical shape at all."

The witness detailed the defects from which his opinion was drawn. The motion to exclude this answer to the question was, for like reason, well overruled. In view of other evidence, the witness may have mistaken the time; but that was a consideration affecting credibility, not admissibility. The court submitted to the jury's decision the controverted issue of fact whether the defendants were advised of the defective mechanism before the sale was consummated.

There is no merit in the only three errors assigned and treated in the opinion. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.