(114 So. 182)

**BURGIN et al. v. STEWART.** (6 Div. 760.)

Supreme Court of Alabama. April 14, 1927.

Rehearing Granted June 23, 1927. Further Rehearing Denied Oct. 27, 1927.

**1. Pleading ⬳116—Any defenses available in action on debt were available in detinue, where general issue was pleaded in short with leave (Code 1923, § 7402).**

In an action in detinue, under the plea of the general issue pleaded in short by consent with leave to give in evidence any matter that would constitute a defense if specially pleaded, the issues formed embraced any defense that could have been pleaded if the action had been on the debt, under Code 1923, § 7402.

**2. Appeal and error ⬳1058(2)—Excluding testimony pertinent only to issue about which witness had testified held harmless, if error.**

Excluding testimony, which was pertinent only to the question of value to which witness had fully testified, held harmless, if error.

**3. Appeal and error ⬳1048(5)—Overruling objections to questions not answered held harmless, if error.**

Overruling objections to questions, which were not answered, held harmless, if error.

**4. Appeal and error ⬳1050(2)—Permitting witness to testify to wholly immaterial fact held not reversible error.**

Reversible error may not be predicated on permitting witness to testify as to a fact which was wholly immaterial and could not have affected determination.

**5. Evidence ⬳539—Truck driver not mechanic may testify as to mechanical condition of trucks at time he used them.**

One who had used trucks involved in detinue action and had been driving trucks for 7 years was competent to testify as to their mechanical condition at time of his using them, even though he was not a mechanic.

**6. Trial ⬳82—General objection to competency and materiality of evidence may properly be overruled where at time it cannot be said incapable of becoming competent.**

A general objection to a question that the evidence is immaterial, irrelevant, and incompetent may properly be overruled, where, at time and in view of the scope of the issues, it cannot be said whether the evidence is incapable of being rendered admissible by other evidence to follow.

**7. Sales ⬳479(2)—Default in purchase-money note treated as cash, not secured by installment contract, held not to justify detinue under the contract.**

Failure to pay a note treated as cash, and not mentioned in installment contract as one of the installments secured thereby, could not constitute default in the payments, authorizing repossession of the property in detinue.

**8. Sales ⬳479(8)—Instruction requiring verdict for plaintiffs in detinue unless note was extended held proper under evidence.**

Instruction requiring jury to find for plaintiffs in detinue unless installment note was extended held proper, where, under the evidence, there was no theory on which defendant could defeat recovery except extension.

On Rehearing.

**9. Trial ⬳191(3) — Instruction referring to "agreements made" held to leave to jury question whether extension agreement was made in detinue action.**

Instruction in detinue action on installment contract, in which the defendants claimed an extension agreement had been made, held to submit issues of the extension agreement to the jury, notwithstanding reference to "agreements made."

Brown, J., Anderson, C. J., and Thomas, J., dissenting.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action in detinue by J. G. Burgin and another, doing business as Burgin Coal Company, against Jennie S. Stewart. From a judgment for defendant, plaintiffs appeal. Affirmed on rehearing.

The following charge was given for defendant:

"(6) I charge you, gentlemen of the jury, that if you find from the evidence that the plaintiff in this suit extended the time of payment of the obligations of the defendant owed for the purchase of said trucks, said extensions being made by oral agreement and upon the consideration of the defendants paying $100 to the plaintiff in cash then said defendant was not in default in regard to the payment of said indebtedness until after the time granted by said extension had elapsed."

J. B. Ivey and Harsh & Harsh, all of Birmingham, for appellant.

Negotiations leading to the execution of a written contract are all merged into the writing, and thereafter the writing is the sole evidence of the contract. 13 C. J. 524; Bozeman v. J. B. Colt Co., 19 Ala. App. 126, 95 So. 588; Adams Hdwe. Co. v. Wimbish, 201 Ala. 548, 78 So. 902; Caffey v. Ala. Mach. Co., 19 Ala. App. 189, 96 So. 456, 459; 3 Michie's Ala. Dig. 310. The modification of an already executed contract is a new contract, and requires a valuable consideration to support it. 13 C. J. 592; Black v. Slo-

cumb Mule Co., 8 Ala. App. 440, 62 So. 308. The admission of immaterial evidence, especially where it has a tendency to mislead or prejudice, is reversible error. Std. Coop. Co. v. Dearman, 204 Ala. 553, 86 So. 537. A written charge should not predicate or recite as a fact a matter about which the evidence is in dispute. W. O. W. v. Craft, 210 Ala. 683, 99 So. 167. It is erroneous for the court to put before the jury for decision matters which there is no evidence to support. Howell v. Smith, 206 Ala. 646, 91 So. 496.

Lange, Simpson & Brantley and Ormond Somerville, Jr., all of Birmingham, for appellee.

The specification of grounds of objection must be taken as an admission that the evidence in other respects is legal. McWhorter v. Tyson, 203 Ala. 509, 83 So. 330. Where the question does not call for evidence, obviously illegal error cannot be predicated on the overruling of objection, where no ground of objection is given. Amer. Ry. Ex. Co. v. Baer, 207 Ala. 355, 92 So. 652. Where a question is not answered, or where no specific grounds of objection are assigned, and the answer is not strictly responsive, and no motion is made to exclude, nothing is presented for review on appeal. Amer. Ry. Ex. Co. v. Baer, 207 Ala. 355, 92 So. 652; Am. Ry. Ex. Co. v. Barnes, 18 Ala. App. 295, 91 So. 912; Woodward Ir. Co. v. Thompson, 209 Ala. 54, 95 So. 270. The giving of a charge that is abstract or misleading will not work a reversal unless it is manifest that the jury has been misled to the prejudice of the appellant. In such case, an explanatory or supplementary charge should be requested. Suell v. Derricott, 161 Ala. 259, 49 So. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636.

BROWN, J. [1] This is an action of detinue by the appellants against the appellee to recover two White trucks, and the plea was the general issue, pleaded in short by consent with leave to the defendant to give in evidence any matter that would constitute a defense if specially pleaded. Under the statute the issues thus formed embraced any defense that could be pleaded if the action had been on the debt covered by the conditional sale contract, such as fraud and deceit in the sale of chattels, breach of warranty, payment, and modification of the contract as to the time of payment supported by a valuable consideration. Code of 1923, § 7402; Wood v. Lambert, 207 Ala. 260, 92 So. 428; Brown v. Freeman & Bynum, 79 Ala. 406; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804.

Under the issues thus formed, much evidence was offered by both parties which proved to be immaterial, as will hereafter appear.

[2] After the plaintiff's second witness, Feagin, had testified fully as to the original cost of the trucks in question, their hauling capacity, the character of use they had been put to, their condition at the time they were sold to the defendant, and their value, he was asked by plaintiff's counsel, on redirect examination, to state "the average life of that character of truck, when put to the ordinary use for which it was intended." The testimony elicited by this question was pertinent only to the question of value, a fact to which the witness had fully testified, and if error was committed in sustaining the defendant's objection, it was error without injury.

[3] The question asked witness Wheeler, on cross-examination, made the basis of the second assignment of error and to which objection of the plaintiffs was overruled, was not answered, and if error was committed in overruling the objection, this was error without injury.

The same observation is true as to questions asked plaintiffs' witness Strickland, on cross-examination, made the basis of assignments of error 4 and 5.

[4] The fact elicited by the question of plaintiffs' counsel to the witness Wheeler, made the basis of assignment of error 3, as to whether "it is not customary for some haulers, in order to increase the amount of work done, to put up sideboards," does not appear to have been material.

[5] While it appears from the testimony of the defendant's witness, Maak, that he was not a mechanic, he had used the trucks in question, had been driving such trucks for 7 years, and had been driving and "keeping up" trucks for 5 years, and the only objection urged against his testimony was that he was not shown to be qualified to testify as to the mechanical condition of the trucks at the time he was using them. We are not of the opinion that this objection was well taken and the ruling of the court here was free from error. McWhorter v. Tyson, 203 Ala. 509, 83 So. 330; Alabama Great Southern R. R. Co. v. Bailey, 112 Ala. 167, 20 So. 313.

[6] The only objection to the question, "Tell the jury whether or not one of them broke," asked the witness Poss by defendant's counsel, and the answer, "One of them broke," was that "It is immaterial and irrelevant and incompetent." The rule is that:

"A general objection of this character cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence." Sanders v. Knox, 57 Ala. 80; Bufford v. Little, 159 Ala. 300, 48 So. 697; Henderson v. Holmes & Dawson, 204 Ala. 203, 85 So. 536; Adams Hdw. Co. v. Wimbish, 201 Ala. 548, 78 So. 902.

Looking to the scope of the issues and the wide range taken in the introduction of evidence by both parties and the fact that the defendant had not examined her most important witness, it could not be said at the time this evidence was offered that it was incapable of being rendered admissible by other evidence to follow, and the court will not be put in error for overruling the general objections made by the plaintiffs.

In respect to the other assignments of error, numbered 9, 10, and 11, no ground of objection was stated.

[7] It is clear from the testimony of the plaintiff Burgin that the $750 note, payable May 10, 1925, and the $250 in cash were accepted as the cash payment of $1,000 acknowledged to have been made in the two contracts. This note is not mentioned in either of the contracts as one of the installments secured thereby, and a failure to pay this note did not constitute a default in the payments under the contracts, authorizing the plaintiffs to repossess the property or recover it in this action.

[8] The first installments due on the contracts, under which the plaintiffs claimed, according to the undisputed evidence, fell due June 15, 1925, and as to these the defendant's contention was that for a consideration of $100 paid to plaintiffs on the 10th of June, 1925, the time for payment of these installments was extended for 30 days, and she offered some testimony tending to sustain this contention. This testimony was disputed by the testimony of the plaintiff Burgin; his evidence tending to show that the payment was made on the $750 note, which was then 30 days past due. This was the sole issue submitted to the jury by oral charge of the court, the pertinent paragraph of the charge being in the following words:

"If you find from the evidence that the note was due, and that it was not extended, then your verdict should be for the plaintiffs. If you find that the note was not due by reason of any contract that was made extending the note, then your verdict would be for the defendant."

There was no contention by the defendant that she had paid in full the first installments due on the 15th day of June, under the original contract; in fact, there was no basis in the evidence for such contention. The only theory upon which the defendant could defeat a recovery by plaintiffs was that by agreement between the parties the time of payment of the said installments had been extended.

When charge 8, given for the defendant, is read in the light of the evidence and the issues as limited by the oral charge of the court, it was invasive of the province of the jury in assuming that such agreement had been made, and should have been refused.

Charge 6 gives undue emphasis to certain phases of the evidence, and on another trial should be refused.

For the error in giving charge 8, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

BROWN, J. [9] The majority view, concurred in by SAYRE, SOMERVILLE, GARDNER, and BOULDIN, JJ., is that charge 8, given at the request of the defendant in the following words:

"I charge you, gentlemen of the jury, that if you find from the evidence that the defendant had complied with all of the agreements made by and between the plaintiff and the defendant up to and including the date when said trucks were removed from the possession of the defendant, then the defendant was not in default and your verdict should be for the defendant,"

—is not subject to the criticism that it assumes that an agreement extending the time of payment of the first installment notes was made between the plaintiff and defendant that this question was left to the jury by this charge.

The only agreement under the evidence that would justify a verdict for the defendant is an agreement of extension of the time of payment, and as to whether such agreement was made the evidence was in sharp conflict, and the writer, ANDERSON, C. J., and THOMAS, J., adhere to the view expressed in the original opinion.

The majority view necessitates the granting of the rehearing and an affirmance of the judgment.

Rehearing granted and judgment affirmed.

BROWN, J. (dissenting). If there was in fact an agreement between O. D. Stewart, representing the defendant, and the witness Burgin, representing the plaintiffs, whereby the time of payment of the notes for the installment due June 15, 1925, was extended until the 10th of the following month, as some of the evidence tended to show, there was a full compliance with this agreement on the part of the defendant when the agreement was made, by defendant paying to the plaintiff $100 on an indebtedness not then due and payable. Such agreement, if it was made, became fully executed on the defendant's part, there being nothing further for her to do until the time for payment arrived under the new agreement. The only question, therefore, left open for the jury's determination, was whether such agreement had been made, not whether there had been a compliance therewith by the defendant.

When charge 8 is viewed in the light of the evidence as thus presented, it is in substance the affirmative charge in favor of the

defendant, and in the opinion of the writer constitutes reversible error. The majority, however, are of opinion that the case has been properly decided, and that the application should be overruled; and it is so ordered.

ANDERSON, C. J., and THOMAS, J., concur in the foregoing dissent.