168 So. 439

## HOLCOMBE v. MOUNTAIN RIVER DAIRY FARM, Inc.

### 6 Div. 882.

Supreme Court of Alabama.

May 21. 1936.

Monette & Taylor, of Birmingham, for appellant.

Taylor & Higgins, of Birmingham, for appellee.

KNIGHT, Justice.

Action of detinue brought by plaintiff, appellant here, against the appellee, to recover 53 head of cows.

The plaintiff on the filing of her suit made the required affidavit and bond, and the clerk issued his writ directing the seizure of the cattle, unless the defendant should give bond to retain the cattle, as provided by section 7389 of the Code. Under the writs issued by the clerk, the sheriff took into his possession 38 head of the cows sued for. The defendant failed to give bond to retain possession of the cattle, and the plaintiff, pursuant to section 7391, gave bond, and the cattle were delivered to her.

It appears without conflict from the evidence in the cause that the plaintiff sold the identical cows sued for in this action to the defendant on April 10, 1931, at and for the sum of $3,800. Of the purchase price the defendant paid $200 in cash, and executed to the plaintiff its 36 promissory notes, each in the sum of $100, and each bearing interest at 8 per cent. per annum. The first of said notes was payable on June 1, 1931, and one was payable on the first day of each month thereafter.

The plaintiff executed a bill of sale to the defendant for said cattle, and delivered possession of the same to the defendant upon the execution of the bill of sale and the mortgage of the defendant securing the payment of the purchase price.

The cattle were dairy cows, and were to be so used by the defendant.

The defendant's mortgage contained an acceleration clause, providing that, if the mortgagor should fail to pay any one or more of said notes when due, the mortgagee was authorized to declare the remaining indebtedness due and payable, and in such event the mortgagee was empowered to take possession of the cows and to sell the same· in foreclosure of the mortgage.

It appears without dispute that the defendant did not meet the payments as pro-

vided in the mortgage, and on January 7, 1932, being considerably in arrears, an extention agreement was executed by which it was agreed that the total amount in arrears, including interest and attorney's fee, at that time, was $1,060, for which defendant executed to plaintiff certain notes.

In this extension agreement it was expressly stipulated that the same should not in any wise "effect" the regular payment of $100 per month due the mortgagee, that said payments should be made according to the "tenure" of said mortgage, as though the extension agreement had not been made, and that the extension agreement should in no wise waive or effect any forfeiture or default in the terms of said mortgage.

It further appears without dispute in the evidence that the defendant mortgagor continued to make default in meeting the notes as they respectively fell due, but did make a number of partial payments on the indebtedness.

Some time before the suit was filed, a Mrs. Henderson made demand on the defendant for a number of the cows, and the latter so informed the plaintiff's attorney, who had the papers in his hands for collection, and was assured by this attorney that there was nothing to Mrs. Henderson's claim. Upon this assurance, the defendant made a further payment on the mortgage of $100. The date of this payment does not appear in the evidence.

Before the suit was instituted, and while the defendant was in default in his payments, the plaintiff, through her attorneys, made two written demands on defendant for possession of the cattle. After the last demand, the defendant's secretary testified: "On Monday morning I went and told Mr. Taylor I didn't have the $100.00, but I would have it for him Saturday morning. Mr. Taylor says 'come here Saturday morning and make the payment and everything is all right.' Saturday morning when I went to his office Mr. Monette says, 'They have done brought suit and taken over the cattle—foreclosed.'"

At the time the above conversation is alleged to have occurred, the evidence, without conflict, shows that the defendant was still in default in its payments under the mortgage.

After the suit was brought to recover the cows, Mrs. Henderson interposed a claim to 24 of the cows, by filing proper affidavit, and giving bond as required in cases of trial of right of property when levied on under writ of fieri facias.

This claim suit was tried on June 5, 1933, and resulted in judgment for the claimant·for the 24 cows claimed by her. This trial was had, of course, before the trial of the main suit.

The defendant, over the objection and exception of the plaintiff, read in evidence the affidavit made, and the bond given by the claimant, and also the judgment rendered in the claim suit.

It was agreed that the value of the 38 head of cattle seized by the sheriff under the writ of seizure issued by the clerk was $70.30 per head.

There was testimony in the case tending to show that the defendant was unable to furnish its customers milk as it was accustomed to do after the cattle were taken from it, and there was also testimony tending to show the amount of milk it (defendant) usually supplied to its customers. It also appears that the defendant's average earnings from the dairy were approximately $150 per month. Other testimony was also offered by the defendant in its effort to show the damages it had sustained by reason of the alleged wrongful taking of the cattle, but, in view of our conclusions as to the law of the case, as applied to the facts, it is unnecessary to set out such testimony.

We do not doubt in the least that the defendant had the right to show, in reduction of the amount due on the mortgage indebtedness, the fact that 24 head of cattle sold by the plaintiff to the defendant had been recovered by the claimant, Mrs. Henderson, in her claim suit. This claim suit was between the plaintiff, defendant's vendor, and the claimant, and the claimant had recovered the property upon a title superior to that of the plaintiff and defendant. To the extent of the reasonable market value of the cattle recovered by Mrs. Henderson and lost to the defendant, there was a partial failure of consideration, and the defendant had the right, under its suggestion for the ascertainment of the mortgage indebtedness, to make this proof.

Section 7402 of the Code provides: "In any action under the provisions of this chapter brought by a mortgagee or by a vendor in a contract of conditional sale, or by their assignee, claiming title under such

mortgagee or vendor in a contract of conditional sale, in addition to any defenses appropriate to the action of detinue, the defendant may plead any matter of defense, including usury, that he might have pleaded if the action had been on the debt, except the statute of limitation."

Under the suggestion that the suit was by the mortgagee against the mortgagor, and request that the jury ascertain the amount of the mortgage debt, any fact going to a reduction of the debt named in the instrument, or claimed to have been incurred thereunder, such as partial payment, usury, set-off, or recoupment, fraud, and deceit in the sale of the chattels, failure or partial failure of consideration, breach of warranty, and modification of the contract as to time of payment supported by a valuable consideration, may be shown. Hooper v. Birchfield, 115 Ala. 226, 22 So. 68; Torbert v. McFarland, 172 Ala. 117, 55 So. 311, 312; Burgin et al. v. Stewart, 216 Ala. 663, 114 So. 182; Wood v. Lambert, 207 Ala. 260, 92 So. 428; Tabor v. Peters, 74 Ala. 90, 49 Am.Rep. 804.

It will be observed, however, that, if the defendant desires to introduce evidence to show no debt due, "the facts relied on to this end should be set forth by special pleas." Torbert v. McFarland, supra; Hooper v. Birchfield, supra.

We are of the opinion the court committed no error in permitting the defendant to read in evidence the affidavit, bond, and judgment in the claim suit. While the claim suit proceedings could not possibly be pleaded as res adjudicata, inasmuch as the parties to the trial of the questions presented in the claim suit were not the same, yet the judgment in that case was a solemn judicial finding, "and should be clothed with a prima facie presumption of verity." Upon the introduction of such record, the burden of proof shifted to the plaintiff on that issue. Sovereign Camp, W. O. W., v. Gunn, 227 Ala. 400, 150 So. 491.

The evidence shows without conflict that at the time the detinue suit was brought the defendant was indebted to the plaintiff in a large sum on the purchase price of said cattle, that the defendant was in default in the payment of the indebtedness secured by the mortgage, such default as authorized and empowered plaintiff to maintain an action of detinue for the property, and that the defendant was in possession at that time of 38 head of said cows. In bringing her action of detinue for the property, the plaintiff was clearly within her rights, and therefore, in causing the cattle to be seized by the sheriff and taken from the possession of the defendant, the plaintiff committed no actionable wrongful act against the defendant, and violated no legal right of the defendant. The defendant, therefore, failed to prove either its plea of recoupment or set-off, claiming damages for the wrongful seizure.

With the agreed value of the 24 head of cattle, which were recovered by the claimant, applied in reduction of the defendant's indebtedness, there remained, under the undisputed evidence, a considerable amount due plaintiff on the purchase price of the cattle. The plaintiff, in this state of the evidence, was entitled to recover the 14 head of cattle which remained after the 24 had been recovered by the claimant.

The verdict of the jury was palpably contrary to the evidence in the cause, so much so as to stamp it as being unjust. The court should have granted plaintiff's motion for a new trial, and, in refusing to do so, committed error.

We have examined each assignment of error here insisted upon, but are of the opinion that the same questions will not arise on another trial, in view of what we have said in this opinion.

It follows, therefore, that the judgment must be reversed and the cause remanded for another trial in conformity to this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.