197 So. 897

**YOUNG & VANN SUPPLY CO. v. CRENSHAW COUNTY et al.**

**4 Div. 135.**

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied May 9, 1940.

Further Rehearing Denied Oct. 10, 1940.

Sentell & Sentell, of Luverne, and Powell & Hamilton, of Greenville, for appellant.

W. H. Stoddard, of Luverne, and Hill, Hill, Whiting & Rives, of Montgomery, for appellees.

THOMAS, Justice.

The appeal is from a judgment granting a new trial at the instance of the county and the individuals constituting the Court of County Commissioners of Crenshaw County.

The suit was a statutory action of detinue seeking recovery of the property sued for and its alternate value and damages for detention.

Defendant's plea and suggestion was: "Defendant withdraws all pleas heretofore filed and pleads in short by consent the general issue with leave to give in evidence any matters that might be specially pleaded with like leave of reply on part of plaintiff. Defendants suggest that the plaintiff claims title to the property sued for under a conditional sale reserving title to said property until the entire purchase price be paid and asks that the unpaid purchase price of the property sold be ascertained by the jury."

It is recited in the judgment that on the 5th day of April, 1939, "came the plaintiff, before judgment was rendered and entered on the above verdict of the jury, and filed its motion in writing in this Court, which motion is made a part of the record in this case, praying that the Court render judgment in its favor for the property sued for, or if the same is not to be had, then for the sum of $1,000.00, the value of said property as assessed by the Jury and also for the sum of $300.00 damages for the detention of the property as assessed by the Jury, notwithstanding that portion of the verdict which is in the following language:

" 'We ascertain the balance due on the purchase price of the property sued for to be $ None.'

"And said motion being submitted to the Court and held for consideration, now on this the 15th day of April, 1939, came the parties and said motion being argued and understood by the Court:

"It is considered and adjudged by the Court that the said motion of the plaintiff be, and the same is, granted, and that the plaintiff have and recover of the defendants the property sued for, towit: 1 Type C Insley Shovel with gasoline engine, Standard Shovel Bucket, with full length Crawlers; and one all steel enclosing cab for said machine, for which let writ of distringas issue, or if said property is not to be had, it is considered and adjudged by the Court that the plaintiff have and recover of the defendants the sum of One Thousand Dollars ($1,000.00) the value of the said property sued for as assessed by the jury, for which let execution issue.

"It is further considered and adjudged by the Court that the Plaintiff have and recover of the defendants the sum of Three Hundred Dollars damages assessed by the Jury for the detention of the property sued for and also the costs of this suit, for which let execution issue.

"To the granting of said motion of the plaintiff and the rendition of the above judgment the defendants duly and legally excepted."

The case may be stated as follows: This was a statutory action of detinue by appellant as plaintiff against appellees as defendants seeking the recovery of a mechanical shovel, shovel bucket, and steel enclosing cab. The defendants retained the property sued for and demanded a jury trial. They pleaded in short by consent the general issue with leave to give in evidence any matter that might be specially pleaded and also suggested that the plaintiff claimed title to the property sued for under a conditional sale contract and required that the jury ascertain the unpaid balance of the purchase price.

The conditional sale contract introduced in evidence called for a $600 cash payment and twelve monthly installments of $206 each, or a total purchase price of $3,072. The plaintiff (appellant) admitted that payments had been made under this contract totalling $1,424.

The defendants offered evidence to prove that the machine was sold as new, when in fact it was a used or secondhand machine, that it should have had a steel enclosing cab installed and that such a cab was eventually delivered but was never installed, that the gears were of cast iron and of inferior material, causing the machine to break early and often, and that altogether the machine was not reasonably fitted for the purpose for which it was sold, and that the plaintiff had breached its warranties, both implied and expressed, and that after allowing the proper offset or recoupment therefor, no balance remained due on the purchase price.

The trial judge gave to the jury written affirmative charges for the plaintiff but refused a number of written charges requested by the plaintiff to the effect that the defendants could not set off or recoup against the purchase price agreed to be paid any damages for breach of express or implied warranty, and also refused a written charge requested by defendants that if the jury found the balance due on the note to be nothing then the plaintiff could not recover.

Without objection on the part of plaintiff, the trial judge charged the jury at length to ascertain any balance due on the contract of conditional sale, taking into consideration any damages for breaches of warranties that had been proved by the defendants. The plaintiff's counsel answered, "We have no objection to your Honor writing them out a form of the verdict." Thereupon, without objection, the trial judge gave the jury a form for their verdict and further instructed them, as follows: "There are three amounts you should ascertain. You should assess the value of the property sued for, find its reasonable market value, whatever it is, and you assess the plaintiff's damages for the detention of it and then you should ascertain the amount due on the purchase price of the shovel and I give you this written form here: 'We, the Jury, find for the plaintiff for the property sued for and we assess the value of the property sued for at so many dollars,' I left a blank there and 'We assess the value for the detention at * *' so many dollars, and 'we ascertain the balance due on the property to be—', whatever you ascertain that amount to be."

The verdict returned by the jury was as follows: "We, the jury find for the plaintiff for the property sued for and assess the value of the property sued for at $1000.00 and we assess the damages for the detention at $300.00. We ascertain the balance due on the purchase price of the property sued for to be $ None.—J. W. Andrews, Foreman."

The plaintiff thereupon filed its motion styled a "Motion for Judgment Non Obstante Veredicto," praying for judgment notwithstanding that portion of the verdict which reads as follows: "We ascertain the

balance due on the purchase price of the property sued for to be $ None." The court granted said motion. Thereupon the court entered judgment for plaintiff for the property sued for, or if that could not be had then for the sum of $1,000, the alternate value of the property as assessed by the jury. The court entered judgment for plaintiff also for the sum of $300 damages assessed by the jury for the detention of the property and the costs of the suit. The judgment wholly failed to accord the defendants the right to pay the balance of the purchase price, with interest and costs, and to retain the property purchased under conditional sale contract.

Defendants then moved the court to set aside its said order and judgment and to grant the defendants a new trial. For grounds of said motion, the following errors were assigned:

"1. The Court erred in sustaining plaintiff's motion for judgment for the property sued for or its alternate value and the detention thereof, said motion being granted on the 15th day of April, 1939.

"2. The Court erred in refusing defendants' charge number one, which charge was in letters and figures as follows, towit: The Court charges the jury that if you find there is nothing due on the note sued on, then your verdict should be for the defendants.

"3. The Court erred in disturbing the findings of the jury."

Upon the defendants' motion the court set aside the judgment for plaintiff and granted a new trial. From said judgment granting a new trial the plaintiff prosecutes this appeal.

 The issues and evidence admissible were under the due suggestion made, as provided by Code of 1923, § 7400. It comprehended the issues of fact presented in this case. Hooper v. Birchfield, 115 Ala. 226, 22 So. 68; Torbert v. McFarland, 172 Ala. 117, 55 So. 311; Thompson v. Manufacturers' Finance Acceptance Corp., 227 Ala. 43, 150 So. 175; Holcombe v. Mountain River Dairy Farm, 232 Ala. 391, 168 So. 439.

The sufficiency of the pleading on such suggestion, as stated in Torbert v. McFarland, supra, is as follows [172 Ala. 117, 55 So. 312]: "* * * in discussing the statutory suggestion as provided by section 3789 of the present Code: 'On the other hand, where the question arises upon defendant's suggestion, requiring that the jury ascertain the amount of the mortgage debt, and is, not whether any debt exists, but as to the amount of the admitted indebtedness, any fact going to a reduction of the debt named in the instrument or claimed to have been incurred thereunder, such as partial want or failure of consideration, partial payment, usury, set-off, or recoupment in part, would be proper for the consideration of the jury; and it would seem that any and all of these defenses pro tanto to an action on the obligation to pay money which the mortgage purports to secure could be brought forward in the action to recover the mortgaged property under the defendant's statutory suggestion—his requirement "that the jury ascertain the amount of the mortgage debt"—without being specially pleaded in any way; for, while the statute clearly contemplates that all matters of defense against the obligation to pay money may be availed of to show satisfaction of the mortgage, and thus to destroy plaintiff's claim of title, or to reduce the debt upon defendant's suggestion as to an ascertainment of amount, it as clearly provides for such ascertainment upon this mere suggestion, without more. This is not to be commended as the perfection of pleading, but so the law is written.' "

This rule is adhered to in Thompson v. Manufacturers' Finance Corp., supra, and in Holcombe v. Mountain River Dairy Farm, supra. In the last cited case it is said [232 Ala. 391, 168 So. 441]: "Under the suggestion that the suit was by the mortgagee against the mortgagor, and request that the jury ascertain the amount of the mortgage debt, any fact going to a reduction of the debt named in the instrument, or claimed to have been incurred thereunder, such as partial payment, usury, set-off, or recoupment, fraud, and deceit in the sale of the chattels, failure or partial failure of consideration, breach of warranty, and modification of the contract as to time of payment supported by a valuable consideration, may be shown. Hooper v. Birchfield, 115 Ala. 226, 22 So. 68; Torbert v. McFarland, 172 Ala. 117, 55 So. 311, 312; Burgin et al. v. Stewart, 216 Ala. 663, 114 So. 182; Wood v. Lambert, 207 Ala. 260, 92 So. 428; Tabor v. Peters, 74 Ala. 90, 49 Am.Rep. 804."

118

We are of opinion that the action of the trial court was free from error and the judgment of said court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

THOMAS, Justice.

In response to the application for rehearing it may be said that there is analogy to be found in McGregor et al. v. Shipp, 238 Ala. 221, 189 So. 740, as to mortgage foreclosure, if one of several installments is due although others are not, that an installment maturing in the future should be included in such foreclosure decree. It is admitted, however, that this is a rule applied under a bill for redemption from mortgage foreclosure. However, it illustrates the position of the plaintiff, voluntarily submitting himself by his proceeding in detinue to a statute authorizing the ascertainment of the purchase price and balance due on such a contract, whatever it may be called, whether a mortgage or a conditional sale contract.

The facts as stated by appellant, or the result thereof at the trial, were that the installments falling due on the 12th day of September, October and November, respectively, aggregating $618, were not paid; that the total amount paid by the county before suit was brought by appellant, the seller of the machine, was $1,424; that at said time the future installments, payable December 12, 1935, and January, February, March and April, 1936, would aggregate $1,030, that were not due; that the county was not in default as to such unmatured payments at the time suit was brought, and that the contract contained no acceleration clause. However, a fair construction of the contract in evidence and the evidence touching payments made thereon, impresses us that Section 7400 of the Code of 1923 would apply to a part of the debt not due at the time the suit was brought, and under such pleading can be put in issue to enable the county to make just compensation in the premises and retain the road machine in question. The statute sets up an equitable doctrine and the plaintiff is in no position to complain under the nature of the suit brought and the evidence touching the same, which shows the balance due on the purchase price. Such reasons, no doubt, impelled the trial court to grant a new trial on the motion of the county duly made and brought to the attention of the court.

The application for rehearing is overruled.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.